(No. 2237. Dec. 27, 1918.)
## FAIRBANKS v. WILLIAMS et al.

### SYLLABUS BY THE COURT.

Where issue in trial court is whether mortgaged chattels have become affixed to the realty, and judgment of foreclosure is rendered, without a separate or definite finding on the subject, such judgment is equivalent to a finding that the chattels have not became affixed to the realty, and, there being no evidence to the contrary, the judgment is to be affirmed.

Appeal from District Court, Eddy County; McClure, Judge.

Suit by H. F. Fairbanks against D. M. Williams, B. P. Williams and Guy Reed. Judgment for plaintiff, and B. P. Williams and Guy Reed appeal. Affirmed.

BUJAC & BRICE, of Roswell, appellants.

E. R. WRIGHT, of Santa Fe, and J. D. MELL, of Roswell, for appellee.

### OPINION OF THE COURT.

HANNA, C. J.    This is an appeal by B. P. Williams and Guy Reed from a judgment rendered by the district court for Eddy county foreclosing a chattel mortgage.

The suit was instituted by H. F. Fairbanks, the appellee, upon a note and mortgage executed by D. M. Williams. The mortgage was upon a crude oil type engine and a centrifugal pump. Appellants were made parties, on the theory that they claimed some interest in the property adverse to appellee. D. M. Williams defaulted in the case.

Guy Reed claimed to own the engine and pump, free of the mortgage lien, on the theory that such property was attached to the realty in such manner as to become a part thereof. It was stipulated at the trial between the parties hereto that the pump was set on a pit dug around the artesian well, and that the engine was set on a concrete foundation. There is not another word in the record, so far as we have discovered, concerning the attaching of this machinery to the realty.

In Patterson v. Chaney, 24 N. M. 156, 173 Pac. 859, we said, quoting from authorities therein cited, that there are three general tests applied by the courts in determining whether an article used in connection with realty is to be considered a fixture, which are: (1) Annexation to the realty, either actual or constructive; (2) adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and (3) intention to make the article a permanent accesion to the freehold. The pump and engine were treated by the mortgagor as personal property. The appellants attempted to defeat the legal effect of the mortgage on the theory that the property had become fixtures. The evidence on the subject is so vague and incomplete that nothing remains for us to do but to hold that the judgment of the trial court is equivalent to a finding that said property did not become a part of the freehold. The burden of proof was upon the appellants to sustain by a preponderance of the evidence the fact that the personal property had lost its identity as such on account of being affixed to the realty. This they did not do. As the property must be considered as chattels

when mortgaged, and not subsequently affixed to the realty, the proposition of notice urged by appellants is immaterial to a discussion of the case.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.