146 P.2d 173

**ELLISON v. ELLISON.**

No. 4780.

Supreme Court of New Mexico.

Feb. 15, 1944.

J. V. Gallegos, of Tucumcari, for appellant.

Royal A. Prentice, of Tucumcari, for appellee.

MABRY, Justice.

Appellee, Emma L. Ellison, defendant below, was granted a divorce from Herman L. Ellison, appellant-plaintiff, upon her cross complaint and was awarded certain property then in her possession as her separate estate. Appellant appeals, alleging error of the trial court in determining what was the separate estate of appellee, particularly as it has reference to a certain lease of state lands, which lease appellant contends is the community property of the two. Appellant concedes that the material facts are not controverted and the result here will be determined upon a question of law; and he says that the case must be resolved largely from an interpretation of the statutes of our state with reference to the rights of the parties in the state lease in question (1941 Comp., sec. 8-801 to 8-868, and sec. 10 of the Enabling Act as interpreted in State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090).

The trial court found that the parties were married on September 8, 1934 and lived together until September 21, 1942; that at the time of the marriage appellee was the sole owner, as of her separate estate, of a certain state lease covering a section of state land in Quay County, New Mexico; that this property has at all times remained the separate estate of appellee; and that all personal property mentioned now in the possession or under control of either of the parties is the separate property and estate of appellee, excepting all the livestock, all the grain now on hand or in storage, the cash now in the bank, the cattle scales, one wagon, harness, saddle and bridle, all the chattels covered by the exception aforementioned being community property. It was directed that this community property be equally divided, or that it be sold and the proceeds equally divided.

There is ample evidence to support the foregoing findings, excepting as they relate to the ownership of the state land lease, which question, for the reasons hereinafter given, we do not decide. The evidence on behalf of appellee shows that at the time of the marriage she was the lessee of the section of land in question upon which were four houses, built or owned by her, as well as certain barns and out buildings and fences; that she also owned certain household furniture, a tractor, a truck, and various other items of farm machinery and equipment; that she had about $1500 in cash in the local bank and thereafter received an inheritance of some $535; and that she owned an automobile.

It appears that all of this property appellee considered to be her separate estate and that it was never commingled with the property of the community during the

married life of the parties; although there were, in many instances, exchanges or conversion made from one type of property to another. However, both parties kept individual bank accounts not subject to the other's checks, and the record discloses that each item of the property was substantially traced as to source and use from the date of the marriage to the date of trial.

Appellant himself owned but little property at the time of the marriage. He did own an automobile which was thereafter traded for land which he later sold for $600. Out of this money he used $200 for drilling on the section of land in question and the balance was used by him. There is, therefore, ample evidence to sustain the court's finding as to what property now in the possession of the parties is the separate property and estate of appellee.

■ From the briefs it appears that the principal issue involved is as to whom the leasehold right belongs. This property right is, of course, a chattel (American Mortgage Co. v. White et al., 34 N.M. 602, 287 P. 702), and not real property. Appellant says that 1941 Comp., sec. 65-401 providing that "all other property acquired after marriage by either husband or wife, or both, is community property", would control as to the ownership of the lease renewed, or secured, in 1938.

Appellee owned the lease at the time of her marriage. It thereafter expired, and in October of 1938 a renewal was secured for an additional five years, this renewal being taken in the names of both husband and wife. Appellee contends that it was taken in both names as a mere convenience, while appellant insists that it was understood at the time that both should apply for and receive the new lease as community property. The new lease of 1938, which may be called a renewal of the earlier lease standing in the name of appellee alone, expired in September, 1943, and no renewal or additional lease has been obtained by either party, although it is suggested, dehors the record, that an application to renew, or lease, is now pending before the State Land Commissioner, perhaps in the name of both parties.

■■ Counsel for both parties discuss at some length the question of what right to renewal of state land leases exists and whether this right be relative or absolute. We have held in State ex rel. McElroy v. Vesely, infra, that there can be no absolute right to renewal in view of the inhibition of the Enabling Act, sec. 10, and Art. 21, sec. 9 and 10 of the New Mexico Constitution. As we hereinafter show, the question of who once owned the leasehold, and who had the better right to a renewal, has now become moot since the lease by its own terms expired in September of 1943. .

■ We find nothing in the record which shows that an application has been made for a renewal, or a lease, of the land in question from the State Land Commissioner, the officer who has exclusive control and "absolute dominion" over state

lands (State ex rel. Otto v. Field, 31 N.M. 120, 241 P. 1027), subject to an appeal to the district, and ultimately this, court under certain circumstances. Application of Dasburg, 45 N.M. 184, 113 P.2d 569. And, since no absolute right is, or could be, given to any present lessee for a renewal after the expiration of the five year term in view of the restrictions fixed by the Enabling Act (State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090), and the Commissioner not being a party and not having had his jurisdiction invoked in the first instance, we are unable to see where the district court had jurisdiction to determine any rights as between the parties touching upon the question of a renewal or a new lease of the state land in question. Moreover, it is conceded by both parties that the lease, in whom ever the property was once vested, has now expired and hence no decision as to whom ownership would attach if the five year lease executed in 1938 were in existence could, in any event, serve any purpose. The State Land Commissioner, the one official exercising dominion and control of the public lands of the state, is not a party to this action and he would, necessarily, not be bound by any holding we would make upon the now moot question of which of the two parties has the better right to renew, if either has such a right.

Appellant urges a decision upon this question nevertheless since he believes that the State Land Commissioner is waiting to follow this court's determination of the question of which of the two have the better right to a new lease. But such a situation would not be sufficient to invoke a decision. Whether the State Land Commissioner will be persuaded by the trial court's holding that appellee has the better right to any renewal permitted in view of its finding that the lease was, in fact, always her separate property although the contract for the lease recently expiring was in the names of both parties, we do not know. We can only say that this court will not decide the issue since the question has become moot, even if otherwise we had jurisdiction so to do, a question not decided. The right to renewal is not such a clear legal one as to support mandamus against the Commissioner, we said in State ex rel. McElroy v. Vesely, supra, and nothing less than a clear right to enforce a judgment would justify one in this character of a case, it not being one for a declaratory judgment.

Finding no error the judgment should be affirmed, and, it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.