404 P.2d 143

GARRISON GENERAL TIRE SERVICE,
INC., Plaintiff-Appellant,

v.

Frank MONTGOMERY, Defendant,
Kenneth A. Peeler and A. W. Mallow,
Intervenors-Appellees.

No. 7671.

Supreme Court of New Mexico.

July 12, 1965.

Easley & Pyatt, Hobbs, Selwyn S. Webber, Odessa, Tex., for appellant.

Richard A. Parsons, Ruidoso, E. Forrest Sanders, William W. Bivins, Las Cruces, for appellees.

COMPTON, Justice.

On May 2, 1962, the plaintiff, a foreign corporation, commenced this action against the defendant in the district court of Lincoln County, New Mexico, to recover on a money judgment obtained in Texas. On the same date it filed an attachment bond, a writ of attachment and summons, and a notice of lis pendens describing, insofar as this appeal is concerned, a cabin situate on the E½ of Lot 2, Block "CC," Singing Pines Subdivision, Ruidoso, New Mexico. The Lincoln County Sheriff filed the notice of levy for record in the office of the Clerk of the District Court.

In his answer, following a general denial, the defendant affirmatively alleged that prior to the attachment he had conveyed all of his right, title and interest in and to the personalty located on the lot to one Kenneth Peeler.

On January 25, 1963, Kenneth Peeler intervened in the action alleging that the defendant executed to him a bill of sale to the cabin and its contents in Midland, Texas, on April 12, 1962, and that at the time of the levy of the writ of attachment the cabin was his separate property. He further alleged that the writ of attachment was illegal and void, that the levy of the sheriff thereunder was ineffective as a lien upon the property and prayed that the writ of attachment be set aside and vacated, and that his title to the property be declared and established.

In its answer to the complaint in intervention, the plaintiff alleged that any execution, delivery or filing for record of a bill of sale from the defendant to the intervenor was constructively fraudulent as to the plaintiff in that the parties were aware of the plaintiff's attachment, knew at all material times that the defendant had insufficient assets to meet his obligations and prayed that the complaint in intervention be dismissed and that the bill of sale be set aside and stricken from the record.

The trial court entered a money judgment only in favor of the plaintiff. From a judgment entered in favor of the intervenor declaring him to be the owner of the cabin, the plaintiff appeals.

Appellant contends (a) that the cabin was real estate, and (b) that the cabin was a fixture, hence real estate, and that the doctrine of lis pendens applied. The facts may be summarized as follows: In October, 1960, the defendant executed his promissory note to the Midland 66 Oil Company, Inc., of which intervenor is an officer, in an amount in excess of $15,000.00, representing past indebtedness. Because this note was in default, and pursuant to prior negotiations between them, on April 12, 1962, the defendant executed to the intervenor a bill of sale to the cabin for $4,900.00, this amount being credited on his note as of that date. After its execution in Texas, the bill of sale was retained by the defendant for mailing to the county clerk of Lincoln County, New Mexico, where it was recorded on June 8, 1962. Thereafter it was sent to and received by the intervenor on June 12, 1962, at which time he had knowledge of the commencement of this action.

The land on which the cabin is situated has been for a number of years, and is now, owned by the Ruidoso Realty Company, Inc. It was leased to the defendant on July 14, 1960, for a term of 15 years. The unrecorded lease provided that upon either cancellation or expiration thereof the lessee, if all rentals due lessor had been

paid, could remove all structures which had been placed on the premises by the lessee. The cabin rested on the land by means of pine posts or footing. It was wired and plumbed. At the time of the execution of the bill of sale the defendant agreed to assign his lease to the intervenor. On July 26, 1962, a new lease for 13 years, the remainder of time under the original lease, was entered into between Ruidoso Realty and intervenor. This was the lessor's usual procedure with respect to assignments of their leases.

■ The appellant bases his position that the cabin is real property upon two grounds. One, that it falls within the definition of real estate as that term is used in § 70–1–1, N.M.S.A., 1953 Comp., and two, that it is a fixture under the laws of this state.

Section 70–1–1, supra, provides:

"The term, real estate, as used in this chapter, shall be so construed as to be applicable to lands, tenements and hereditaments, including all real movable property."

The appellant asserts this definition clearly establishes that under our law the cabin in question is realty. This statute appears in the chapter dealing with conveyances and general provisions pertaining to real estate. We find no merit to appellant's first ground In State ex rel. Truitt v. District Court of Ninth Judicial Dist., Curry County, 44 N. M. 16, 96 P.2d 710, 126 A.L.R. 651; we held

that this section does not attempt to convert what was personal property at common law into real estate, but only to bring leasehold estates within the compass of the conveyancing statutes. Compare Orchard v. Wright-Dalton-Bell-Anchor Store Co., 225 Mo. 414, 125 S.W. 486, 20 Ann.Cas. 1072, which involved a Missouri statute similar to ours and upon which ours is presumably based, Armijo v. New Mexico Town Co., 3 N.M. 427, 5 P. 709; Myers v. Arthur, 135 Wash. 583, 238 P. 899; Vol. 1, Natural Resources Journal, 1961, pp. 163, 164.

■ The appellant next contends that if the cabin is not real estate as that term is commonly employed or as used in the statutory definition, then it is a fixture under New Mexico law and should be treated as real estate. This contention likewise has no merit. This court has long subscribed to the three general tests to be applied in determining whether an article used in connection with realty is to be considered a fixture. First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold. Patterson v. Chaney, 24 N.M. 156, 173 P. 859, 6 A.L.R. 90. And, we have held that in determining whether personal property loses or retains its identity as a chattel by being placed on land, the general intention of the parties is

a controlling factor. Jones-Noland Drilling Co. v. Bixby, 34 N.M. 413, 282 P. 382. See also Fairbanks v. Williams, 25 N.M. 74, 177 P. 745, and Porter Lumber Co. v. Wade, 38 N.M. 333, 32 P.2d 819. The case of Taylor v. Shaw, 48 N.M. 395, 151 P.2d 743, cited by the appellant, is distinguishable on the facts. There, the improvements were permanently annexed to the land, intended to be permanently enjoyed with the land, and those things not so permanently affixed were intended by the parties to be used and enjoyed in conjunction with the permanent fixtures.

The undisputed evidence is that the owner-lessor of the land and the defendant, the original lessee thereof, recognized the cabin in question as the personal property of the lessee and intended it to so remain, expressly providing in the lease for its removal upon the expiration or termination thereof. It is also undisputed that this had been the established practice of the community and of the owner-lessor for many years. Where the lessor and lessee expressly so agree, structures placed on leased premises by a lessee remain the personal property of the lessee. Helvering v. Atlas Life Ins. Co., C.C.A. 10th Cir., 78 F.2d 166; Sweeney v. Medler, C.C.A. 10th Cir., 78 F.2d 148; 36A C.J.S. Fixtures § 15, pp. 629, 630.

With regard to the court's finding that title passed on April 12, 1962, we notice appellant's argument, citing 77 C.J.S. Sales § 27, to the effect that in order for a bill of sale to be effective there must either be a delivery to the buyer of the thing sold or delivery to him of the instrument. This same authority, however, states that whether there has been a sufficient delivery depends on the intent of the seller to deliver as manifested by the acts and circumstances surrounding the transaction. There is evidence here that title to the cabin was intended to pass on the date of the execution of the bill of sale or that constructive, if not physical, delivery of either the cabin or the bill of sale was not made on April 12, 1962. It should also be pointed out, in this connection, that we have no statute which requires the filing or recording of a bill of sale, although such an instrument is entitled to be recorded if in proper form, §§ 71-1-9 and 71-1-10, N.M.S.A., 1953 Comp.

Another question posed by the appellant is whether our lis pendens statute, § 21-3-14, N.M.S.A., 1953 Comp., has the effect of denying application of the common law doctrine of lis pendens to personalty. In view of the court's finding that the cabin was sold and conveyed to the intervenor for a good and valuable consideration prior to the commencement of this suit, all of which is supported by substantial evidence, we fail to see how a determination of this question would avail the appellant anything. An attachment proceeding would

be ineffective against property not owned by the party against whom the attachment is sought.

Other points have been urged for a reversal. They are found without merit or are disposed of by the conclusion announced.

The judgment should be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.