506 P.2d 798

DONA ANA DEVELOPMENT CORPORA-
TION, a New Mexico corporation,
Appellant,

v.

COMMISSIONER OF REVENUE of the
State of New Mexico, Appellee.

No. 971.

Court of Appeals of New Mexico.

Feb. 2, 1973.

Norman S. Thayer, Jr., Sutin, Thayer & Browne, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James D. Bryce, Susan P. Graber, Agency Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

**WOOD, Chief Judge.**

The basic question is the applicability of the gross receipts and municipal tax to the construction and sale of residential property. A related question involves the hearing held in connection with the asserted tax liability and the form of the Decision and Order of the Commissioner of Revenue. We discuss seven items: (1) form of the Decision and Order; (2) applicability of a ruling; (3) asserted change of position on appeal; (4) valuation of land; (5) the deduction provided by § 72–16A–14(F), N.M.S.A.1953 (Int.Supp. 1966) being Laws 1966, ch. 47, § 14(F) (not changed by Laws 1967, ch. 307, § 1), repealed by Laws 1969, ch. 144, § 35; (6) applicability of § 72–16A–14(F), supra; and (7) applicability of § 72–16A–14.8, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1971).

During the material time, Dona Ana (Dona Ana Development Company) constructed and sold residential property. The construction was on land which had been acquired and prepared for development by Dona Ana.

The Bureau of Revenue, after an audit, issued its notice of assessment of taxes. Dona Ana protested a portion of the assessment. The protest went to liability for gross receipts tax, municipal tax, penalty and interest. A formal hearing was held at which evidence was presented concerning eight of Dona Ana's transactions. The protest was denied. Dona Ana's appeal to this court [§ 72–13–39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971)] involves each of the eight transactions. We identify the transactions by the name of the purchaser involved.

The Commissioner concedes that assessment of tax liability on the basis of the Hubbard transaction was erroneous. Accordingly, the Commissioner's Decision and Order denying the protest in connection with the Hubbard transaction is reversed.

*Form of the Decision and Order.*

■ The Decision and Order states: "In entering this Decision and Order, the Commissioner of Revenue has relied upon the relevant rulings and regulations issued by the Bureau of Revenue." Appeals to this court " * * * shall be upon the record made at the hearing. * * *" Section 72–13–39, supra. At the hearing, reference was made to Ruling 69–150–1 dated April 2, 1969, and to Regulation 14.-8–1. Whatever "relevant" rulings and regulations exist, our review of rulings and regulations does not go beyond the one ruling and one regulation identified in the record made at the hearing.

*Applicability of a ruling.*

■ At the hearing, both parties relied on the "ruling" identified above. Section 72–13–23, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971) defines "rulings" as " * * * written statements of the commissioner, of limited application to one or a small number of taxpayers. * * *" Section 72–13–73, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971) provides that the Commissioner " * * * shall be estopped from obtaining or withholding the relief requested if it is shown by the party adverse to the commissioner that his action or inaction complained of was in accordance * * * with any ruling addressed to him personally and in writing by the commissioner. * * *"

The "ruling," a copy of which is an exhibit in this case, is not addressed to the taxpayer personally, it is not addressed to anyone. There is nothing showing the "ruling" to be of " * * * limited application to one or a small number of taxpayers. * * *"

Because of the provisions of §§ 72–13–23 and 72–13–73, supra, there is no basis in fact for the application of "ruling" 69–150–1 and it is not considered further herein.

*Asserted change of position on appeal.*

■ Six of the transactions involved have material dates that involve the deduction authorized by § 72–16A–14(F), supra. In arguing that this deduction is inapplicable, the Commissioner, in this court, asserts that the transactions were taxable because they were contracts for construction under § 72–16A–3(C), N.M.S.A.1953 (1966 Int. Supp.) [which has been subsequently amended], and, therefore, subject to the tax imposed by § 72–16A–4, N.M.S.A.1953 (1966 Int.Supp.) [also subsequently amended].

Dona Ana asserts that the argument as to the taxability of contracts for construction is a theory not relied on at the hearing before the Commissioner and this court should not allow the Commissioner to shift his theories at the appellate level. Board of Education v. State Board of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App.1968) states that a party will not be permitted to raise, on appeal, issues that were not raised in the administrative proceedings. We need not consider whether this rule applies in tax cases. See Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

Taxpayer, in its opening statement at the administrative hearing, states: " * * * the question is how the tax on construction contracting should be applied to basically the home-building area. * * *" This issue was argued at the close of the hearing. The Commissioner's argument in this court does not differ from the theory presented at the hearing.

*Valuation of land.*

In determining the applicability of §§ 72–16A–14(F) and 72–16A–14.8, supra, to the transactions involved, the audit report and the tax assessment resulting from the audit, segregated land value from the value of the improvements constructed. The tax assessed was based only on the improvements constructed.

Evidence introduced without objection at the hearing, and which is uncontradicted, is that the land valuation assigned by the auditor to the McNeil, Boudreau and Roberge transactions was too low. There is no testimony supporting the land valuations assigned by the auditor. There is evidence that the sale price to Boudreau was less than the total cost of the land and the cost of constructing the improvements. For each of the three transactions, the tax assessment was on the basis of the total cost of construction and without regard to the sales price. Thus, any loss on the transaction was assigned to land value. In denying Dona Ana's protest, the Commissioner has necessarily upheld the auditor's allocation of value to land and to the improvements. The only justification appearing in the record for this allocation is Regulation 14.8–1, which appears to support this allocation of value.

■ At the hearing, Dona Ana asserted the regulation was invalid to the extent it required the total cost of improvements be taxed without regard to the actual sales price, since it required any loss to be attributed to land value. We do not decide the validity of the regulation since the validity of the regulation is not a point relied on for reversal and the issue has not been briefed. See Sierra Blanca Sales Company, Inc. v. Newco Industries, Inc., (Ct. App.), 84 N.M. 524, 505 P.2d 867, decided November 3, 1972.

*Deduction provided by § 72–16A–14(F), supra.*

Section 72–16A–14(F), supra, states in part: "Receipts from the sale of * * * real property * * * may be deducted from gross receipts."

Six of the transactions are involved under this point—Gress, Ikard, McNeil, Thum, Boudreau and Fields. The Commissioner specifically ruled out a deduction for the five first named, but did not specifically mention the Fields transaction. Since Dona Ana's protest was totally denied, the Commissioner's Decision necessarily denied Dona Ana's protest based on the Fields transaction. Thus, we consider all six.

No question is presented as to the nature of the improvements constructed. The improvements, when completed, became a part of the real estate. See Garrison General Tire Service, Inc. v. Montgomery, 75 N.M. 321, 404 P.2d 143 (1965); Taylor v. Shaw, 48 N.M. 395, 151 P.2d 743 (1944).

Here, however, a contract was entered for each of the transactions. Most of the six contracts expressly refer to the house or other improvements *to be constructed.* A fair inference from the other contracts is that improvements were to be constructed pursuant to the contract. Thus, in each of the six transactions involved in this point there was no sale of completed improvements, but a contract for sale of improvements not yet completed.

■ The tax assessment is based on receipts attributable to the construction contracts. The construction contracts, on the date they were entered by the purchaser, were executory to the extent the improvements had not been completed. In re Kobayashi, 44 Haw. 584, 358 P.2d 539 (1961). To the extent the contracts were executory, the improvements had not become a part of the real estate. To this extent, the receipts attributable to the construction contracts were not receipts from the sale of real property and to this extent the deduction provided in § 72–16A–14(F), supra, was not applicable.

Dona Ana's arguments in favor of the deduction are directed to the provisions of Ruling 69–150–1, which we have held inapplicable. Thus, Dona Ana points out that although it had entered contracts of sale, it had not enforced them against defaulting purchasers. Dona Ana shows that it provided the interim financing for the improvements, retained title until completion of the improvements, and paid the real property taxes until the transaction was closed. Dona Ana points out that in each instance the down payment received was less than the value of the land without improvements. None of these facts suffice to establish that improvements, not yet constructed, were a part of the real estate on the dates of the six contracts of sale.

The deduction provided by § 72–16A–14(F), supra, is a deduction for receipts derived from the sale of real property. Unconstructed improvements are not part of the real estate. Receipts attributable to those unconstructed improvements are receipts from a contract (§ 72–16A–3(C), supra) and were taxable under § 72–16A–4, supra.

*Applicability of § 72–16A–14(F), supra.*

This point considers the correctness of the Commissioner's ruling in relation to § 72–16A–14(F), supra. Specifically, we apply the law discussed in the preceding point to the facts of this case.

■ In denying the protests, the Commissioner approved the tax assessment based on the costs of the improvements without regard to any improvements constructed prior to the contract date. Receipts attributable to improvements which had become a part of the real estate prior to the contract date would be receipts from the sale of real estate and deductible under § 72–16A–14(F), supra. See People v. Marshall Field & Co., 355 Ill. 633, 189 N. E. 885 (1934); Wagner v. Board of Review of City of Glenwood, 232 Iowa 58, 4 N.W.2d 405 (1942).

The evidence is undisputed that the improvements referred to in the Gress contract were substantially completed prior to the date of that contract. The evidence is undisputed that certain preparatory work had been done on the land included in the Thum contract before the contract was signed. The evidence is undisputed that each of the six contracts involved land that had been planned and platted, and that streets and utilities had been put into these planned subdivisions prior to the contract date. Which, if any, of these items may be considered as real property prior to the date of the six contracts is a question of fact. This factual question was not resolved as to any of the six contracts since the Commissioner denied the protest without regard to improvements constructed prior to the contract date. Accordingly, the Commissioner's Decision and Order as

to these six contracts is vacated and the cause remanded for a determination of the cost of improvements which had become a part of the real estate prior to the date of the construction contracts. See Westland Corporation v. Commissioner of Revenue, 83 N.M. 29, 487 P.2d 1099 (Ct.App.1971).

*Applicability of § 72–16A–14.8, supra.*

■ The pertinent part of § 72–16A–14.-8, supra, reads: "Receipts from the sale * * * of real property * * * may be deducted from gross receipts. However, that portion of the receipts from the sale of real property which is attributable to improvements constructed on the real property by the seller in the ordinary course of his construction business may not be deducted from gross receipts." Section 72–16A–14.8, supra, was enacted by Laws 1969, ch. 144, which also repealed the prior deduction, § 72–16A–14(F), supra.

One transaction—Roberge—is involved in this point. The improvements involved were constructed on land owned by Dona Ana without any contract of sale. The construction was completed in September, 1968. If a sale had occurred prior to the effective date of § 72–16A–14.8, supra, the receipts for sale of the land and improvements would have been deductible under § 72–16A–14(F), supra. However, this did not occur. The sale to Roberge occurred in October or November, 1969, after the effective date of § 72–16A–14.8, supra.

On the above facts, Dona Ana contends § 72–16A–14.8, supra, does not apply. Its view is that § 72–16A–14.8, supra, applies only where both the improvements were constructed and the sale occurred after the effective date of that section. It argues that its view should be given effect because the statute is ambiguous and because its view reasonably represents the legislative intent.

We disagree. There is no claim that the improvements were not constructed in the ordinary course of Dona Ana's construction business. Section 72–16A–14.8, supra, provides a deduction for receipts from a *sale* of real property and states that receipts from the sale attributable to improvements may not be deducted. The deduction and the limitation on the deduction are plainly stated in reference to a sale; neither the deduction nor the limitation on the deduction refer to the date of construction.

■ Legislative intent is determined primarily by the language of the act. Till v. Jones, 83 N.M. 743, 497 P.2d 745 (Ct.App. 1972); Reed v. Jones, 81 N.M. 481, 468 P. 2d 882 (Ct.App.1970). Where the terms of the statute are plain and unambiguous there is no room for construction. Southern Union Gas Co. v. New Mexico Pub. Serv. Com'n, 82 N.M. 405, 482 P.2d 913 (1971). Here, there is no ambiguity in the wording of § 72–16A–14.8, supra, and the language of that section shows a legislative intent not to allow a deduction on receipts from the sale of real property attributable to improvements constructed on the real property.

■ By the terms of § 72–16A–14.8, supra, Dona Ana was not entitled to a deduction on receipts from the Roberge sale which were attributable to improvements constructed on the land involved. The Commissioner correctly denied the protest directed to the portion of the tax assessment based on the Roberge transaction.

In summary—we reverse the Commissioner's decision which upheld the portion of the tax assessment attributable to the Hubbard transaction. We affirm the Commissioner's decision which upheld the portion of the tax assessment attributable to the Roberge transaction. We vacate the Commissioner's decision concerning the portion of the tax assessment attributable to the Gress, Ikard, McNeil, Thum, Boudreau and Fields transactions. As to those six transactions, we remand the cause to the Commissioner for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.