525 P.2d 894

**ESTATE of Sterling THOMPSON, Deceased, No. 4059, Eddy County, Appellant,**

v.

**Fred L. O'CHESKEY, Commissioner of Revenue, Appellee.**

**No. 1268.**

Court of Appeals of New Mexico.

Aug. 7, 1974.

James L. Dow, Dow & Feezer, Carlsbad, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Bureau of Revenue, Susan P. Graber, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

From the decision of the Commissioner of Revenue, on stipulated facts, the taxpayer appeals. Section 72–13–39, N.M.S.A.1953 (Repl.Vol.1961, pt. 2, Supp.1973). The sole question on appeal is the interpretation of § 31–16–2, N.M.S.A.1953 (Supp. 1971) (Repealed by Laws of New Mexico 1973, ch. 345, § 17) which states:

". . . A. All estates which pass by will, inheritance or by other statutes to, or for the use of:

"(1) the spouse, *parent or parents lineal descendants,* legally adopted child, lineal descendants of any legally adopted child, the wife or widow of a son, whethetr the son was born in wedlock or adopted, the husband of a daughter, whether the son was born in wedlock or lock or adopted, or the brother or sister of the deceased person are liable to, and there is imposed thereon, a tax of one per cent [1%] of their value for the use of the state; and

"(2) other kindred, . . . are liable to, and there is imposed thereon, a tax of five per cent [5%] of their value for the use of the state." (Emphasis added)

The taxpayer contends the underlined words above should read ". . . parent or parents' lineal descendants . . .," with an apostrophe after "parents," while the Bureau contends that it should read ". . . parent or parents, lineal descendants . . .," with a comma after "par-

ents." If we accept taxpayer's reading the shares of decedent's niece and nephews, as the lineal descendants of decedent's parents, are taxed at one per cent. If we accept the Bureau's reading the niece's and nephews' shares are taxed at five per cent as the shares of "other kindred," since they would not be lineal descendants of the decedent. We accept the Bureau's reading and affirm.

 For this statute to make grammatical sense, either the taxpayer's apostrophe or the Bureau's comma must be added. Either addition is possible. Some addition is essential. We cannot agree with appellant that the statute is unambiguous. We must, therefore, resort to rules of construction. State v. Trujillo, 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973).

We read the statute without favor to either the taxpayer or the state. Our goal is solely to determine legislative intent. Besser Company v. Bureau of Revenue, 74 N. M. 377, 394 P.2d 141 (1964); Chavez v. Commissioner of Revenue, 82 N.M. 97, 476 P.2d 67 (Ct.App.1970).

Section 31–16–1, N.M.S.A.1953 (Supp. 1971) (Repealed by Laws of New Mexico 1973, ch. 345, § 17), came from the same legislative session as § 31–16–2, supra. It, like § 31–16–2, supra, grants favorable tax status to the portion of estates going to a certain class of persons. The legislature enumerated that class of persons identically in both statutes, except for the inclusion of the comma between "parents" and "lineal" in § 31–16–1, supra, and the deletion of that comma in § 31–16–2, supra.

Reading those two statutes *in pari materia* (See Albuquerque Nat. Bank v. Commissioner of Revenue, 82 N.M. 232, 478 P. 2d 560 (Ct.App.1970)), we find that the legislature intended to place the comma in § 31–16–2, supra, to achieve the purpose of granting favorable treatment to similar classes. State v. Trujillo, supra. The absence of that comma is a manifest grammatical error which we hereby correct. New Mexico Glycerin Co. v. Gallegos, 48 N.M. 65, 145 P.2d 995 (1944); City of Ros-

well v. Hall, 45 N.M. 116, 112 P.2d 505 (1941).

 Appellant further argues that since the law has been repealed and changed (see Laws 1973, ch. 345) that the question is now moot or at least inequitable. This argument is without merit. Appellant was bound by the law in effect at the time of decedent's death. Compare Dona Ana Develop. Corp. v. Commissioner of Revenue, 84 N.M. 641, 506 P.2d 798 (Ct.App.1973).

The decision and order of the Commissioner is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.