529 P.2d 1229

**In the Matter of the last WILL and Testament of Yancy CLARK, Deceased.**

**Thomas R. CLARK, Executor, Appellee,**

**v.**

**BUREAU OF REVENUE of the State of New Mexico, Appellant.**

No. 9924.

Supreme Court of New Mexico.

Nov. 8, 1974.

Rehearing Denied Jan. 2, 1975.

David L. Norvell, Atty. Gen., Susan P. Graber, Vernon O. Henning, Asst. Attys. Gen., Bureau of Revenue, Santa Fe, for appellant.

Martin, Martin & Lutz, Charles W. Cresswell, Las Cruces, for appellee.

## OPINION

McMANUS, Chief Justice.

Yancy Clark died on January 6, 1973, in New Mexico. Thomas R. Clark was duly qualified as executor and filed a petition for probate of Yancy Clark's estate in Dona Ana County where Clark was residing at the time of his demise. The Bureau of Revenue of the State of New Mexico, during the course of the proceedings, issued an assessment against the estate as succession tax in the sum of $4,667.59. The executor appealed to the probate court seeking a reduction of the tax, and prevailed. The probate court reduced the succession tax total to $3,628.54 and an order was duly entered. Appellant Bureau of Revenue moved to vacate said order and for dismissal of executor's appeal, which motion was denied. From the adverse decision of the probate court the Bureau of Revenue next appealed to the District Court of Dona Ana County. The latter court denied relief and affirmed the judgment of the probate court. From that decision the Bureau of Revenue now appeals.

The statutory language upon which this appeal is based reads as follows:

"A. All estates which pass by will, inheritance or by other statutes to, or for the use of:

(1) the spouse, *parent or parents lineal descendants*, legally adopted child, lineal descendants of any legally adopted child, the wife or widow of a son, whether the son was born in wedlock or adopted, the husband or widower of a daughter, whether the daughter was born in wedlock or adopted, or the brother or sister of the deceased person are liable to, and there is imposed thereon, a tax of one percent of their value for the use of the state; and

(2) other kindred, strangers to the blood or any corporation, voluntary association or society are liable to, and there is imposed thereon, a tax of five percent of their value for the use of the state. * * * " (Emphasis added.) § 31–16–2, N.M.S.A.1953 (Supp.1971).

■ The Bureau of Revenue contends that the above section is ambiguous and urges that a comma is required following the word "parents" in the above quoted statute to make it read correctly or, at least, that the statute is ambiguous and must be construed. We disagree and uphold executor's position that the statute is clear and unambiguous.

The rate of succession tax is to be applied to two nieces, two nephews, a great-niece, a great-great-niece and a great-great-nephew of the decedent. The phrase "lineal descendants" embraces all those even to the most remote generation who by consanguinity trace their lineage to the specified ancestor. *Green v. Hussey,* 228 Mass. 537, 117 N.E. 798 (1917). There is no question but that the persons referred to above are lineal descendants of decedent's parents and that the tax of one percent as indicated in the statute should be applied.

In a recent administrative appeal, *Estate of Thompson v. O'Cheskey,* 86 N.M. 534, 525 P.2d 894 (Ct.App.1974), the Court of Appeals held that the statute involved is ambiguous. We disagree and reverse. In finding the statute unambiguous we rely on language in the United States Supreme Court case, *Heydenfeldt v. Daney Gold, etc., Co.,* 93 U.S. 634, 23 L.Ed. 995 (1885), which cited, at page 638, Gyger's Estate, 65 Pa. 311, 312 (1870), holding:

"* * * 'It is better always,' says Judge Sharswood, 'to adhere to a plain common sense interpretation of the words of a statute, than to apply to them refined and technical rules of grammatical construction.' * * * "

This rule is also espoused in *Gonzales v. Sharp & Fellows Contracting Co.,* 51 N.M. 121, at page 126, 179 P.2d 762, 765 (1947), where the court stated:

"We have said more than once that when the language of a statute is plain and unambiguous there is no occasion to resort to the rules of statutory construction, and that such statute must be given its plain and obvious meaning."

For the reasons stated above we hold that the statute is unambiguous, and that its common sense interpretation requires us to uphold application of the lower tax rate. Affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.