538 P.2d 420

**AMERICAN AUTOMOBILE ASSOCIATION, INC., Appellant,**

**v.**

**BUREAU OF REVENUE of the State of New Mexico, Appellee.**

**No. 1293.**

Court of Appeals of New Mexico.

April 23, 1975.

Rehearing Denied June 10, 1975.

Dean S. Zinn, Zinn & Donnell, Santa Fe, Tibo J. Chavez, Chavez & Cowper, Belen, for appellant.

Toney Anaya, Atty. Gen., Joseph T. Sprague, Vernon O. Henning, Bureau of Revenue, Asst. Attys. Gen., Santa Fe, for appellee.

*OPINION*

WOOD, Chief Judge.

The issue is whether taxpayer is entitled to the tax exemption appearing in § 72–16A–12.27, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973). We held taxpayer was not a "nonprofit" organization in American Automobile Ass'n, Inc. v. Bureau of Rev., 86 N.M. 569, 525 P.2d 929 (Ct.App.1974). The New Mexico Supreme

Court reversed and remanded "for a determination of . . . whether . . . [taxpayer] is a 'business organization,' and whether . . . the receipts involved are from 'dues and registration fees.'" 87 N.M. 330, 533 P.2d 103, Supreme Court, decided March 21, 1975. The "business organization" issue is dispositive. Taxpayer is not a business organization within the meaning of the statute.

Section 72-16A-12.27, supra, states:

"*Exemption—Gross receipts tax—Fees from social organizations.*—Exempted from the gross receipts tax are the receipts from dues and registration fees of nonprofit social, fraternal, political, trade, business, labor or professional organizations."

"Business organization" is not defined in the Gross Receipts and Compensating Tax Act. See § 72-16A-3, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973). The term could mean, as the taxpayer urges, any legal or commercial entity engaged in business. See § 50A-1-201(28), N.M.S.A.1953 (Repl.Vol. 8, pt. 1). The term could mean, as the Bureau contends, an organization of business entities or persons engaged in business. Compare Chattanooga Auto. Club v. Commissioner of Int. Rev., 182 F. 2d 551 (6th Cir. 1950); American Automobile Ass'n v. Commissioner of Internal Revenue, 19 T.C. 1146 (1953). Judicial construction is called for because the meaning of the term is ambiguous. Till v. Jones, 83 N.M. 743, 497 P.2d 745 (Ct.App. 1972).

Judicial construction is for the purpose of determining legislative intent. State v. McHorse, 85 N.M. 753, 517 P.2d 75 (Ct. App.1973). Legislative intent is to be determined primarily from the language used in the statute. Dona Ana Develop. Corp. v. Commissioner of Revenue, 84 N.M. 641, 506 P.2d 798 (Ct.App.1973).

One approach to legislative intent involves the heading to the statute. The heading, capitalized in the quotation, was enacted by the Legislature. Laws 1969, ch. 144, § 32. That heading contributes nothing toward an effective legislative enactment. Besser Company v. Bureau of Revenue, 74 N.M. 377, 394 P.2d 141 (1964). What use is there for a legislatively enacted section heading? "The section heading performs the same function for the section as the title does for an act." 1A Sutherland, Statutory Construction § 21.04 (4th ed. 1972). Courts may look to the title of an act in determining legislative intent. State v. Richardson, 48 N.M. 544, 154 P.2d 224 (1944). Accordingly, we may look to the legislatively enacted section heading in determining legislative intent.

The legislatively enacted heading to § 72-16A-12.27, supra, refers only to exemptions of "fees from social organizations." The heading is more limited than the statute. The heading indicates a legislative intent that the exemption is of limited application.

A second approach to legislative intent is the presumption that having enumerated a list of things, the Legislature must have had no other kind in mind. See Grafe v. Delgado, Sheriff, 30 N.M. 150, 228 P. 601 (1924); Cardinal Fence Co., Inc. v. Commissioner, Bur. of Rev., 84 N. M. 314, 502 P.2d 1004 (Ct.App.1972). Section 72-16A-12.27, supra, lists social, fraternal, political, trade, business, labor and professional organizations. "Business organization" is to be given a meaning that is analogous to the meaning of other organizations listed. Compare State v. Morley, 63 N.M. 267, 317 P.2d 317 (1957).

Both approaches exclude the definition of "business organization" urged by the taxpayer. To hold that "business organization" means any legal or commercial entity engaged in business would give the statute an expansive reading contrary to the legislative intent shown by the limited section heading. To hold that "business organization" has the meaning urged by the taxpayer would give that phrase a meaning not analogous to the other organizations listed in the statute. A trade or-

ganization consists only of persons engaged in that trade. A professional organization consists only of persons engaged in the particular profession. Similarly, a business organization consists only of business entities or persons engaged in business. Compare American Automobile Ass'n v. Commissioner of Internal Revenue, supra.

We hold the Bureau's definition of business organization is the definition intended by the Legislature. The taxpayer's membership is not limited to business entities or persons engaged in business. It is not a business organization as that term is used in § 72–16A–12.27, supra.

The Commissioner's decision and order are affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.