536 P.2d 1087

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Winston THURMAN, Jr., Defendant-Appellant.**

**No. 1836.**

Court of Appeals of New Mexico.
April 30, 1975.

Certiorari Denied May 27, 1975.

John C. Maine, Jr., Martin, Maine & Hilton, P.A., Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Santa Fe, Andrea Buzzard, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Chief Judge.

Defendant falsely endorsed the names of the payees on two financial assistance checks issued by the Department of Health and Social Services. He was convicted of two counts of forgery. Section 40A–16–9, N.M.S.A.1953 (2d Repl. Vol. 6).

Section 40A–16–9, supra, requires an intent to injure or defraud. Defendant claims there is no substantial evidence of his intent. We disagree. Without considering the State's evidence, the inferences from defendant's own testimony is substantial evidence of the requisite intent. See State v. Weber, 76 N.M. 636, 417 P.2d 444 (1966).

Defendant also claims he was prosecuted under the wrong statute. He contends § 40A–23–3, N.M.S.A.1953 (2d Repl. Vol. 6) is a specific statute applicable to the forgery of public vouchers; that § 40A–16–9, supra, is a general forgery statute. Defendant asserts he should have been prosecuted under § 40A–23–3, supra, because the specific statute controls. We disagree.

Section 40A–23–3, supra, is a part of an article headed "MISCONDUCT BY OFFICIALS". This heading was enacted by the Legislature. See Laws 1963, ch. 303, art. 23 at page 886 of the session laws. This legislatively enacted heading shows a legislative intent that § 40A–23–3, supra, applies only to officials. American Automobile Association, Inc. v. Bureau of Revenue, 88 N.M. 148, 538 P.2d 420 (Ct.App.),

decided April 23, 1975. Defendant was not an official; § 40A–23–3, supra, was not applicable.

The judgments and sentences are affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.