754 P.2d 520

**WESTERN SAVINGS & LOAN ASSOCIATION, an Arizona corporation, Plaintiff,**

v.

**CFS PORTALES ETHANOL I, LTD., a New Mexico limited partnership, et al., Defendants.**

**No. 17300.**

Supreme Court of New Mexico.

May 12, 1988.

---

David S. Proffit, Albuquerque, for plaintiff.

Garrett & Richards, Michael T. Garrett, Clovis, for defendants.

### OPINION

WALTERS, Justice.

Are twenty-five year leaseholds and the buildings constructed thereon, both of which served as security for construction loans to build those structures, within the

meaning of "real estate" and thus subject to redemption after a foreclosure sale? That is the issue certified to us by Judge John E. Conway of the United States District Court for the District of New Mexico. Our opinion is confined strictly to the question certified.

Western Savings and Loan Association filed an action for judgment against CFS Portales Ethanol I on two promissory notes, and for foreclosure of the real estate mortgages and security agreements collateralizing those notes. The federal district court entered judgment for Western and ordered a foreclosure sale. Roger Pattison purchased the buildings and the leaseholds at the sale, subject to rights of redemption. R.C. Meyers, who had acquired the redemption rights from the liquidating trustee of CFS, served notice of redemption upon Pattison, and made a proper tender under NMSA 1978, Section 39–5–18. Pattison filed a rejection of tender; Meyers thereupon moved for a determination of property rights. The district court took the petition for redemption under advisement pending our ruling on the certified issue.

Petitioner Meyers argues that the leaseholds are real property, claiming that the controlling definition for real estate is found in the banking statute. *See* NMSA 1978, § 58–1–21(C) (Repl.Pamp.1986). He takes a logically inconsistent position, however, by asserting that the legislature intended that secured transactions involving interests in land be governed by the law of real property. Meyers further asserts that the ethanol plants constructed with the proceeds from the notes secured by the mortgage also are real property, pointing to the mortgages as reflecting the parties' intent to treat the loans as real estate mortgages.

Pattison, on the other hand, contends that the banking law pertaining to loans with leaseholds as security has no bearing on the definition of real estate in regard to redemption. He emphasizes the parties' intent that the buildings be treated as personal property because the lessee and lessor provided for removal of the buildings upon termination of the lease.

A leasehold or a term for years is a chattel, not real property, no matter how long its term. *Ellison v. Ellison,* 48 N.M. 80, 82, 146 P.2d 173, 174 (1944); *State ex rel. Truitt v. District Court of Ninth Judicial Dist.,* 44 N.M. 16, 29, 96 P.2d 710, 718 (1939); *American Mortgage Co. v. White,* 34 N.M. 602, 605, 287 P. 702, 703 (1930). We elect to follow the common law governing interests in property because the common law is a more appropriate guide than the banking code in distinguishing personalty from real estate.

When determining whether personal property loses or retains its identity as a chattel by being placed on the land, the general intent of the parties is a controlling factor. *Garrison Gen. Tire Serv., Inc. v. Montgomery,* 75 N.M. 321, 324–25, 404 P.2d 143, 145 (1965). In *Montgomery,* the lease expressly provided for the removal of a cabin from the leased property upon the termination of the lease, and the court concluded that the cabin was personal property. *Id.* at 325, 404 P.2d at 146. Likewise, here, the lease provided for the removal of the plants from the premises and for the restoration of the land to an orderly condition upon termination of the lease. The Notice of Special Master Sale also recognized the nature of the property, providing in its terms that the Master sell "all of the right, title and interest (which does not include the underlying real estate) of the defendant CFS * * * in and to the following-described property and collateral * * * ."

Accordingly, we not only conclude that it was the parties' expressed intent that the plants were personal property; we abide by the common law in holding that a leasehold is personal property. Consequently, neither the leaseholds nor the removable buildings may be considered "real estate" subject to redemption.

SCARBOROUGH, C.J., and SOSA, Senior Justice, concur.