In re Jerry Nelson LUCERO, doing business as Affordable Bldg. & Landscaping Concepts; and Crystal Fields Lucero, also known as Crystal Fields, Debtors.

Jerry N. LUCERO;  Crystal F. Lucero; *
and Steve H. Mazer, Chapter 13
Trustee, Plaintiffs–Appellees,

v.

GREEN TREE FINANCIAL SERVICING
CORP., Defendant–Appellant.

BAP No. NM–96–22.
Bankruptcy No. 95–12788.
Adv. No. 95–1250.

United States Bankruptcy Appellate Panel,
Tenth Circuit.

Dec. 23, 1996.

---

* While Steven H. Mazer, Chapter 13 trustee, was substituted in lieu of Jerry N. Lucero and Crystal F. Lucero, the appeal has been docketed under the title given to the action in the bankruptcy court.  *See* Fed.R.App.P. 12(a).

Daniel E. Duncan, Duncan Law Offices, Albuquerque, NM, for Defendant–Appellant.

Michael K. Daniels, Albuquerque, NM, for Plaintiffs–Appellees.

Before BOHANON, PEARSON, and BOULDEN, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

Green Tree Financial Servicing Corp. appeals the judgment of the United States Bankruptcy Court for the District of New Mexico that determined Steven H. Mazer, the Chapter 13 Trustee, could avoid its lien on a manufactured home. Because we conclude the bankruptcy court erred as a matter of law in holding that the trustee could avoid the properly perfected security interest in personal property, we reverse the judgment.[1]

## I. BACKGROUND

Green Tree financed the debtors' purchase of a manufactured or mobile home, and its note was secured by a lien on the manufactured home. It perfected its lien with the New Mexico Motor Vehicle Division but did not make a fixture filing in the real estate records. Subsequently, the debtors permanently affixed the home to a foundation on real estate they owned.

Thereafter, the debtors filed their Chapter 13 petition and commenced this adversary proceeding. Fundamentally their complaint seeks to avoid Green Tree's security interest under 11 U.S.C. § 544, which provides that the trustee may avoid liens that could be avoided by either a judgment creditor of the debtors or a bona fide purchaser of the real estate from the debtors. The bankruptcy court concluded that the debtors had no standing to bring the complaint and denied their motion to avoid the lien, allowing them leave to substitute Mazer, the chapter 13 trustee.[2] This substitution was accomplished, and summary judgment was entered in favor of the trustee avoiding Green Tree's lien. The real estate with the manufactured home has now been sold and the proceeds are in the registry of the bankruptcy court pending a final judgment.

The bankruptcy court concluded that the home had become a fixture. Since Green Tree had not made a fixture filing in the real estate records, its lien was not properly perfected and was, therefore, avoidable by the

---

1. After examining the briefs and appellate record this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal, and therefore grants appellant's unopposed request for a decision on the briefs without oral argument. *See* Fed. R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a).

2. The bankruptcy court concluded that the chapter 13 trustee has standing to bring the complaint. While the trustee's standing to sue appears to have been an issue in the trial court, Green Tree has not raised it on appeal and, in any event, it becomes moot since the judgment is reversed.

trustee under the strong arm powers contained in section 544.

■ This appeal followed.[3]

## II. DISCUSSION

■ Although Green Tree argues error in the trial court's finding of fact that the manufactured home became a fixture, we conclude the error is one of law.[4]

Green Tree contends that under New Mexico law the intent of the parties controls in determining whether or not property has become a fixture. *See, e.g., Western Sav. & Loan Ass'n v. CFS Portales Ethanol I, Ltd.,* 107 N.M. 143, 754 P.2d 520 (1988); *Mitchell v. Lovato,* 97 N.M. 425, 640 P.2d 925 (1982); *Southwestern Pub. Serv. Co. v. Chaves County,* 85 N.M. 313, 512 P.2d 73 (1973); *Boone v. Smith,* 79 N.M. 614, 447 P.2d 23 (1968); *Garrison Gen. Tire Serv., Inc. v. Montgomery,* 75 N.M. 321, 404 P.2d 143 (1965); *Kerman v. Swafford,* 101 N.M. 241, 680 P.2d 622 (Ct.App.), *cert. denied,* 101 N.M. 189, 679 P.2d 1287 (1984). Green Tree refers to numerous provisions in the parties' contracts that state it is their intent that the manufactured home remain personalty even if it should be affixed to land. The contract requires the debtors to notify purchasers of the real estate that the home is not part of the land, and also requires them to notify Green Tree if they do affix it to realty. Green Tree argues that since the parties did not intend for the manufactured home to be a fixture it

isn't a fixture, and a third party such as the trustee thus cannot avoid the lien.

The trustee contends that, regardless of the parties' intent, a fixture filing is required to perfect a lien on fixtures. *Flores De New Mexico, Inc. v. Banda Negra Int'l, Inc. (In re Flores De New Mexico, Inc.),* 151 B.R. 571 (Bankr.D.N.M.1993). He also argues that he stands in the shoes of a hypothetical judgment creditor or good faith purchaser and cannot be estopped by any knowledge, representation or intent of the debtors. In its Memorandum Opinion, the bankruptcy court found and concluded that the manufactured home was a fixture; that Green Tree had made no fixture filing and, therefore, was unperfected; and that, accordingly, the trustee could avoid the lien.

■ The arguments made by the parties both here and in the bankruptcy court, however, overlook the most relevant provisions of the Bankruptcy Code and state law.[5]

■ Since the trustee is treated as a judgment creditor under section 544(a)(1) or (2) of the Bankruptcy Code, we must consider the provisions of N.M.Stat.Ann. § 55-9-313(4)(d). This section, which adopts section 9-313(4)(d) of the Uniform Commercial Code, provides, in pertinent part, that:

[a] perfected security interest in fixtures has priority over the conflicting interest of an encumbrancer ... of the real estate where ... (d) the conflicting interest is a lien on the real estate obtained by the legal or equitable proceedings after the security

---

3. The notice of appeal was filed after announcement of the decision but before the order was actually entered. Pursuant to Fed.R.Bankr.P. 8002(a) the notice of appeal is treated as though is it had been filed on the day the order was entered.

4. This court reviews legal decisions of the trial court de novo but reviews findings of fact only for clear error. *See Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Cowles v. Dow Keith Oil & Gas, Inc.,* 752 F.2d 508 (10th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 74, 93 L.Ed.2d 30 (1986). Here there is adequate support in the record for the finding that the manufactured home became a fixture. However, the conclusion that the security interest was subject to avoidance under the trustee's strong arm powers is subject to review de novo.

5. Although not commonly done, an appellate court may, *sua sponte,* raise a dispositive issue of law when the proper resolution is beyond doubt and the failure to address the issue would result in a miscarriage of justice. *Counts v. Kissack Water and Oil Serv., Inc.,* 986 F.2d 1322 (10th Cir.1993); *Hicks v. Gates Rubber Co.,* 928 F.2d 966 (10th Cir.1991). *See Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) ("the matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."). The clear language of section 9-313(4)(d) of the Uniform Commercial Code and section 544(a)(3) of the Bankruptcy Code compels their application by this court.

interest was perfected *by any method per-mitted by this article....*

(emphasis added). Thus, if a security interest in fixtures is perfected *by any method* permitted by the Commercial Code it has priority over liens subsequently perfected against the real estate to which it may be affixed.

Comment 4(c) to this section of the Uniform Commercial Code states that "generally a judgment creditor is not a reliance creditor who would have searched records. Thus, even a prior filing in the chattel records protects the priority of a fixture security interest against a subsequent judgment lien." This comment makes clear the intended effect of subsection 4(d) against the avoidance power of the bankruptcy trustee in stating that "[i]t is hoped that this rule will have the effect of preserving a fixture security interest so filed against invalidation by a trustee in bankruptcy."

In their discussion of these sections, Professors White and Summers state that:

[t]he "lien creditor" that the drafters had in mind under 4(d) is the trustee in bankruptcy. Under section 544 of the Bankruptcy Code, the trustee in bankruptcy has a lien from the date of the filing of the petition. The drafters of 9–313(4)(d) believed that the trustee in bankruptcy, like the ordinary judgment creditor, was not a reliance creditor and thus should be subordinated to any secured creditor who had perfected by any method, i.e., a personalty filing in the Article 9 files or a fixture filing in the real estate records.

4 James J. White & Robert S. Summers, *Uniform Commercial Code* § 33–10(c), at 346 (4th ed. 1995). Thus, it is plain from the Uniform Commercial Code, as adopted in New Mexico, that the trustee cannot avoid Green Tree's security interest as a hypothetical judgment creditor under section 544(a)(1) and (2). The only remaining issue then is whether he can avoid the security interest in his capacity as a good faith purchaser.

■ Section 544(a)(3) answers this question in the negative. It states that a lien may be avoided to the extent that the lien is avoidable by "a bona fide purchaser of real property, *other than fixtures,* from the debtor...." (emphasis added). According to White and Summers this provision was added by the 1984 amendments in order "to make it clear that a trustee in bankruptcy does not have the rights of a bona fide purchaser with respect to fixtures." White & Summers, § 33–10(c), at 347. *See also Roberts v. Green Tree Fin. Corp. (In re Cassady),* 197 B.R. 846 (Bankr.E.D.Tenn. 1996) (perfection by notation on certificate of title to mobile home not subject to avoidance by trustee even where the mobile home became a fixture); *In re Madison's Partner Group, Inc.,* 67 B.R. 629 (Bankr.D.Minn. 1986) (security interest in a bar had priority over the trustee as one in the position of a judicial lien creditor); *Minot Area Dev. Corp., Inc. v. Armstrong (In re Trestle Valley Recreation Area, Inc.),* 45 B.R. 458 (Bankr.D.N.D.1984) (security interest in wood frame ski lodge not subject to avoidance though collateral had become a fixture).

Therefore, as a matter of law, Green Tree's perfection of its security interest by notation on the certificate of title prevents the trustee, in the position of a subsequent judgment lien creditor or good faith purchaser, from avoiding the lien under section 544 of the Bankruptcy Code.

Accordingly, the summary judgment of the Bankruptcy Court is **REVERSED,** and the proceeding is **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this opinion.