637 P.2d 1244

STATE of New Mexico,
Plaintiff-Appellee,

v.

Jane DOE, a Child, Defendant-Appellant.

No. 5316.

Court of Appeals of New Mexico.

Dec. 1, 1981.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

After a child is involuntarily committed, what disposition is to be made of a pending petition alleging delinquency?

The petition alleged delinquency on the basis of murder and aggravated burglary. On June 17, 1981, the children's court found that the child was incompetent to stand trial in a delinquency proceeding and ordered that proceedings be initiated for involuntary commitment. The child was committed pursuant to § 43–1–16.1, N.M.S.A.1978 (1979 Repl.Pamph.). Thereafter, the child moved for dismissal of the delinquency petition with prejudice. The trial court denied this motion; it abated further proceedings "pending such further action as may be indicated by future developments." The child appealed.

The parties agree that the children's court ordered the initiation of commitment proceedings pursuant to statutory authority; they disagree as to which statutory provision applies. Prior to its amendment by Laws 1981, ch. 36, § 27, § 32–1–35(C), N.M.S.A.1978, provided that if a child is committed as mentally ill, "the petition shall be dismissed." After the amendment § 32–1–35(B), N.M.S.A.1978 (1981 Repl. Pamph.), provided that if a child is committed as mentally disordered, at any stage of a proceeding on a delinquency petition, "the petition shall be dismissed without prejudice."

The child contends that § 32–1–35(C), supra, as worded prior to the 1981 amendment, applies. Because the statute, prior to the amendment, did not specify the type of dismissal, the child contends that dismissal is to be with prejudice. The argument, as to which statutory provision applies, arises because of the timing of the involuntary commitment proceedings. The 1981 Legislature adjourned March 21, 1981. The 1981 amendment became effective ninety days later, see N.M.Const., art. IV, § 23, on June 19, 1981. Commitment proceedings were

initiated on June 17, 1981; the hearing was held on June 18, 1981. However, the commitment order was not entered until June 19, 1981, and the commitment was not effective until the order was entered. See § 43–1–24, N.M.S.A.1978 (1979 Repl. Pamph.); R.Civ.App. 3; R.Civ.Proc. 58.

The argument as to which statutory provision is applicable is misdirected. If the 1981 amendment applies, the statute provides for dismissal without prejudice. If the 1981 amendment does not apply, the statute provided for "dismissal." That dismissal would also be without prejudice. When the Legislature intended a dismissal with prejudice, it so stated. Sections 32–1–28(A) and 32–1–36(E), N.M.S.A.1978. Not having intended a dismissal with prejudice under § 32–1–35(C), supra, dismissal under that provision would be without prejudice. Inasmuch as the statute provided for dismissal without prejudice, the trial court did not err in denying the motion to dismiss with prejudice.

The question is whether the trial court erred in refusing to dismiss without prejudice and in abating proceedings under the delinquency petition. Children's Court Rule 40(c)(1), N.M.S.A.1978 (1980 Repl.Pamph.), provides that if the child is found incompetent to stand trial, further proceedings on a delinquency petition "shall be stayed until the respondent becomes competent to participate in the proceedings[.]" Compare Children's Court Rule 39(b), which deals with insanity at the time of the delinquent act.

A statutory provision providing for dismissal of a delinquency petition once the child is involuntarily committed is a procedural provision. See *Southwest Underwriters v. Montoya*, 80 N.M. 107, 452 P.2d 176 (1969). A procedural rule adopted by the Supreme Court, such as Children's Court Rule 40(c)(1), supra, controls over a statutory procedural provision. *State v. Doe*, 95 N.M. 302, 621 P.2d 519 (Ct.App.1980). The rule providing for a stay of the delinquency

petition controls over the statutory provision for dismissal without prejudice. *State v. Doe*, 93 N.M. 621, 603 P.2d 731 (Ct.App. 1979); *State v. Doe*, 90 N.M. 568, 566 P.2d 117 (Ct.App.1977).

The order of abatement, which stayed proceedings in connection with the delinquency petition, was correct under Children's Court Rule 40(c)(1). It is unnecessary to review the reasons of the children's court for abating further proceedings. See *State v. Gonzales*, 95 N.M. 636, 624 P.2d 1033 (Ct.App.1981). The order of abatement, being in compliance with Children's Court Rule 40(c)(1), supra, is affirmed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.