706 P.2d 156

Herbert A. **TONDRE** and Margaret Tondre, Plaintiffs,

v.

**THURMOND–HOLLIS–THURMOND, INC. Defendant.**

No. 15990.

Supreme Court of New Mexico.

Sept. 23, 1985.

William G. Gilstrap, Albuquerque, for plaintiffs.

Randal W. Roberts, Albuquerque, for defendant.

**OPINION**

FEDERICI, Chief Justice.

This case arose as a diversity action in the United States District Court for the District of New Mexico. Plaintiffs Herbert and Margaret Tondre, husband and wife, brought the action to recover damages incurred as a result of husband's fall from a loading dock on defendant's premises. The complaint alleges that husband suffered permanent injuries from the fall, including

the amputation of both legs. In addition to husband's claim for damages, plaintiff wife claims damages for loss of consortium, sometimes stated as loss of normal society and companionship, of her husband.

Defendant moved the federal court to dismiss wife's loss of consortium claim, or in the alternative for partial judgment, on the theory that New Mexico does not, under the facts in this case, recognize a cause of action for loss of consortium.

The federal court issued a certification request to this Court pursuant to NMSA 1978, Section 34–2–8 (Repl.Pamp.1981), requesting this Court to answer the question of whether New Mexico would recognize a claim for loss of consortium based on negligent injury to a spouse. The federal court also entered an order taking under advisement defendant's motion to dismiss or for partial summary judgment pending the response of this Court to the certification request. This Court accepted the certification.

The question accepted by this Court on certification from the federal district court is as follows: Would New Mexico recognize one spouse's claim for loss of consortium based on negligent injury to the other spouse? The answer under the facts in this case is that New Mexico would not recognize such a cause of action.

New Mexico courts have not in the past recognized a cause of action for loss of consortium under facts similar to those which exist in this case. In *Roseberry v. Starkovich*, 73 N.M. 211, 387 P.2d 321 (1963) the precise issue before this Court was whether a wife had a cause of action for loss of consortium for negligent injury to her husband. The Court in *Roseberry* stated,

So far as we have discovered, we have never been called upon to consider the right of either the husband or wife to recover for negligent injury to or loss of consortium * * *.

Appellant argues that if an intentional interference with consortium is actionable, why should not a negligent injury be equally cognizable at law? The best answer to the question is that while the one is a direct injury to consortium, a relationship entitled to protection under the law, the other is purely a coincidental result occurring without purpose or intent of the tortfeasor. * * * Most states, while allowing recovery by a wife for *intentional* interference with consortium, have no difficulty denying a recovery for negligent injury thereto.

73 N.M. at 215, 387 P.2d at 324 (emphasis added).

This Court, after reviewing numerous authorities further stated,

When the foregoing logic and reasoning, which we find most convincing, is considered along with the uncertain and indefinite nature of a wife's claim for negligent interference with her right of consortium; the nature of the recovery as discussed above; the possibilities opened for double recovery if the right is recognized; the fact that the legislature has not seen fit to speak on the subject; and the great weight of authority developed since 1950, we must conclude that the trial court was correct in dismissing the action.

73 N.M. at 218, 387 P.2d at 326. The Court recognized that the wife is an equal partner with the husband in modern society, and strongly implied that the same rule would apply for either spouse.

The Court reaffirms the result reached in *Roseberry v. Starkovich* and holds that New Mexico would not recognize a spouse's claim for negligent injury to the other spouse.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.

SOSA and WALTERS, JJ., dissenting.