775 P.2d 709

**Christina SCHLIETER, Plaintiff,**

.v.

**Christine CARLOS, M.D., et al., Defendants.**

No. 18303.

Supreme Court of New Mexico.

June 15, 1989.

James A. Branch, Jr., Albuquerque, for plaintiff.

508

Rodey, Dickason, Sloan, Akin & Robb, W. Robert Lasater, Jr., Patrick M. Shay, Albuquerque, for defendant Carlos.

Miller, Stratvert, Torgerson & Schlenker, Margo J. McCormick, Alice Tomlinson Lorenz, Albuquerque, for defendant Eilert.

Farlow, Simone, Roberts & Weiss, LeRoi Farlow, Jana S. Perry, Albuquerque, for defendant Los Alamos Medical Center.

Montgomery & Andrews, Richard L. Puglisi, Deborah J. Van Vleck, Albuquerque, for defendant Los Alamos Obstetrical & Gynecological Services.

William L. Lutz, U.S. Atty., Douglas C. Henson, Asst. U.S. Atty., Albuquerque, for defendant U.S. Dept. of Energy.

## OPINION

PER CURIAM.

Plaintiff filed a medical malpractice action in the United States District Court for the District of New Mexico, naming several defendants, some of whom are covered as health care providers under the New Mexico Medical Malpractice Act, NMSA 1978, 41–5–1 to –28 (Repl.Pamp.1986), and others of whom are not. One of the defendants covered under the Act moved to sever for separate trial certain future medical expense issues involving only the defendants not covered under the Act. Plaintiff opposed this motion, arguing *inter alia* that the Act violates provisions for equal protection, due process, and privileges and immunities under the New Mexico and United States Constitutions, and the provision for separation of powers under the New Mexico Constitution.

In light of this challenge to the constitutionality of the Act, and on motion of the plaintiff, the federal court, pursuant to NMSA 1978, Section 34–2–8 (Repl.Pamp. 1981) and SCRA 1986, 12–607, has certified to this Court fourteen separate constitutional questions involving novel propositions of New Mexico law. Under Section 34–2–8(A) and Rule 12–607(A), we may undertake at our discretion to answer such questions when the answers are "determinative" of the cause before the federal court. For the reasons discussed below, we decline to accept the certification.

The voluminous federal court record, absent transcripts of depositions, has been delivered to us for our perusal; the certification request, however, contained neither a statement of relevant facts nor a stipulation of such facts by the parties. Consequently, we first consider the significance of the determinative answer requirement in conjunction with Rule 12–607(C)(3), which provides that a certification request shall set forth "either a statement by the certifying court of the facts relevant to the question certified, showing the nature of the controversy in which the questions arose, or a stipulation of such facts by the parties, which has been approved by the certifying court."

*Avoidance of advisory opinions.* The intent of the certification of facts and determinative answer requirements is that this Court avoid rendering advisory opinions. Relative to the first requirement, it is sufficient if the certification of facts and the record contain the necessary factual predicates to our resolution of the question certified, and it is clear that evidence admissible at trial may be resolved in a manner requiring application of the law in question. Relative to the second requirement, our answer must be determinative in that it resolves the issue in the case out of which the question arose, and the resolution of this issue materially advances the ultimate termination of the litigation.

A survey of our previous opinions on certification of questions from the federal district court illustrates the interplay of these two criteria. To date, we by and large have limited our acceptance of certifications prior to judgment to those cases in which there is no dispute over the factual predicates to the Court's determination of the questions certified, and our answer either disposes of the entire case or controversy, *see Western Sav. & Loan Ass'n v. CFS Portales Ethanol I, Ltd.,* 107 N.M. 143, 754 P.2d 520 (1988); *Continental Ins. Co. v. Fahey,* 106 N.M. 603, 747 P.2d 249 (1987); *Hamilton Test Systems, Inc. v. City of Albuquerque,* 103 N.M. 226, 704

P.2d 1102 (1985); *Taylor v. Delgarno Transp., Inc.*, 100 N.M. 138, 667 P.2d 445 (1983); *Atencio v. Board of Educ. of Penasco Indep. School Dist. No. 4*, 99 N.M. 168, 655 P.2d 1012 (1982); or disposes of a pivotal issue that defines the future course of the case. *See Tondre v. Thurmond–Hollis–Thurmond, Inc.*, 103 N.M. 292, 706 P.2d 156 (1985); *Anchondo v. Corrections Dep't*, 100 N.M. 108, 666 P.2d 1255 (1983); *Wells v. County of Valencia*, 98 N.M. 3, 644 P.2d 517 (1982); *Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979).

■ Defendants resisting the certification here argue that this Court lacks jurisdiction because the questions certified are not "determinative" in the sense that our answers will not determine the existence of a cause of action, nor put an end to litigation in this case. *See In re Richards*, 223 A.2d 827 (Me.1966); *In re Certified Question*, 549 P.2d 1310 (Wyo.1976). Contrary to the construction urged by defendants, Rule 12–607 does not contemplate a showing of no genuine issue as to any material fact to the end that our pretrial answer to novel questions of New Mexico law would be "determinative" in this narrow sense. For example, in *United States v. Martinez*, 101 N.M. 423, 684 P.2d 509 (1984), we held that a New Mexico judge could represent himself in civil proceedings without engaging in the practice of law as proscribed by the Canons of Judicial Conduct. This holding, although determinative of a major procedural question, *i.e.*, who would conduct the defense at trial, was not dispositive of the existence of a claim or defense on the merits and did not put an end to the criminal proceedings.

■ Nevertheless, as discussed in the following sections of this opinion, the questions certified to us in this case are not accompanied by sufficient nonhypothetical, evidentiary facts to allow us to adequately determine the constitutionality of the Act; moreover, we conclude that even if we were able to answer the questions certified, our answer would not be determinative of the issue out of which they arose—i.e., the motion to bifurcate.

*Inadequate development of the record.* Plaintiff asserts that important individual interests and fundamental rights are implicated by the constitutional questions raised. Accordingly, Dr. Carlos and other defendants who support the constitutionality of the Act may well have the burden of proving that the legislation in question has a "substantial relationship to a legitimate or important governmental purpose." *See Richardson v. Carnegie Library Restaurant, Inc.*, 107 N.M. 688, 699, 763 P.2d 1153, 1164 (1988) (dram shop act limitation on recovery of damages implicated a substantial and important individual interest calling for heightened scrutiny of constitutional validity). In reply to plaintiff's motion for certification, Carlos requested of the federal court that should it intend to determine the constitutionality of the Act:

> * * * it do so through a fully developed record, whereby the parties can present evidence as to the impact of the limits of recovery contained in the New Mexico Malpractice Act, and the relevant state interests involved. Such a showing cannot be made absent a full evidentiary hearing before the Court where testimony can be taken.

To this reply were attached affidavits tending to establish that a crisis in obtaining available malpractice insurance coverage did exist in New Mexico prior to the passage of the Act. It was further asserted that

> given the opportunity for full hearing, additional information of assistance to the Court in deciding this very important issue can be presented, from which this Court will determine that the limits of recovery contained in the Medical Malpractice Act do indeed have a substantial relationship to a legitimate and important governmental purpose, that is, the promotion of the health and welfare of the people of New Mexico by making available professional liability insurance for health care providers in New Mexico

> * * * * * *

Plaintiff agreed that questions of fact should be decided after a full evidentiary hearing and requested time in which to

submit counter-affidavits. These counter-affidavits were to show the existence of genuine issues of fact regarding insurance caps and their affects on rate structures of insurance companies and were to demonstrate that no statistical or other basis exists upon which defendants could prove the Act is substantially related to an important state interest. The federal court, nonetheless, requested certification without hearing evidence to develop a factual record from which the proponents may support the constitutionality of the Act. The very substantial number of depositions taken in federal court do not purport to address the questions certified.

In motions filed with this Court, defendants covered under the Act move to remand the certified questions to federal court on the grounds that, as the parties maintaining the Act's contitutionality, they were not afforded an evidentiary hearing prior to certification. Defendants submit that this Court should exercise its discretion to decide the certified questions only with a full record before it, so that any decision on the constitutionality of the Act would not be based upon anecdotal and speculative argument. We agree, and for that reason alone,[1] we decline to accept certification.

■ *Indeterminative and unnecessary constitutional answers.* A further sufficient reason to refuse acceptance of the certified questions is that they would not determine the bifurcation issue out of which the certification arose. We believe that the trial court could properly decide whether to sever the future medical expenses issue on other bases, regardless of how we were to resolve the constitutional questions presented. *See* Fed.R.Civ.P. 42. Nor do we see resolution of the bifurcation issue as materially advancing the ultimate termination of this litigation.

It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so. We have repeatedly declined to decide constitutional questions unless necessary to the disposition of the case. *Advance Schools, Inc. v. Bureau of Revenue,* 89 N.M. 79, 547 P.2d 562 (1976); *Las Cruces Urban Renewal Agency v. El Paso Elec. Co.,* 86 N.M. 305, 523 P.2d 549 (1974); *Huey v. Lente,* 85 N.M. 597, 514 P.2d 1093 (1973); *Ratliff v. Wingfield,* 55 N.M. 494, 236 P.2d 725 (1951); *State v. Stapleton,* 48 N.M. 463, 152 P.2d 877 (1944). Applying that principle here, we conclude that the discretionary bifurcation issue does not squarely present the constitutional questions certified. The constitutional issues may be squarely presented only when judgment is entered on a verdict of the jury. Accordingly, even if the factual predicates existed to determine the constitutionality of the Act, we would still decline to accept the certified questions given the procedural posture of this case.

*Criteria for pretrial certifications.* Because we previously have not enunciated by formal opinion the general policy governing our acceptance of the certification of questions from federal court, we conclude this opinion with the further observation that pretrial certifications are unlike certifications from federal appellate courts. The latter are more like the petitions for certiorari to our own court of appeals, while the former are more like applications for interlocutory appeal. Under SCRA 1986, 12–203, the grant of an application for interlocutory appeal turns on whether a substantial ground exists for a difference of opinion on the question and whether its resolution may materially advance the ultimate termination of the litigation. The policy of judicial economy served by this

---

**1.** We recognize that Plaintiff's separation of powers argument relative to evidence preclusion is not subject to the same factual determinations as the other constitutional challenges to the Act. However, we note that at this stage in the proceedings in federal court, Plaintiff has yet to offer evidence of future medicals for a ruling of admissibility. Consequently, we do not know whether there is evidence in this case that poses a conflict between the rules of evidence and the purported evidentiary rule contained in the Act. As discussed in the body of this opinion, this Court will not reach constitutional questions unless necessary to resolve the issues presented. Moreover, we note that the separation of powers argument is part of a more comprehensive attack on the Act as a whole.

process of interlocutory appeal must, however, be weighed against the policy which favors the orderly process of appellate review. This process is enriched by the transcript of a full evidentiary hearing and consideration by the trial court of issues properly raised, the consideration of post-trial motions, and intermediate appellate review.

As with interlocutory appeals under Rule 12–203, the degree of uncertainty in the law and prospects for judicial economy in the termination of litigation are considered in deciding whether to accept pre-trial certification from federal court. *See Amoco Prod. Co. v. Action Well Serv., Inc.,* 107 N.M. 208, 755 P.2d 52 (1988) (federal courts are encouraged to certify novel questions when this will avoid unnecessarily protracted litigation). These considerations, however, are appropriately weighed against the advantages of normal appellate review in determining whether to accept certification. To these criteria applicable to interlocutory certifications, we would add that in all certifications the issue should present a significant question of law under the New Mexico Constitution or be one of such substantial public interest that it should be determined by this Court.

IT IS SO ORDERED.