2003-NMCA-063

68 P.3d 176

**In the Matter of DANIEL H., a Child.**

**No. 22,814.**

Court of Appeals of New Mexico.

March 4, 2003.

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Plaintiff–Appellant.

John B. Bigelow, Chief Public Defender, Santa Fe, NM, Aliza Organick, Assistant Public Defender, Albuquerque, NM, for Defendant–Appellee.

Claire Dickson, Protection & Advocacy Systems, Inc., Albuquerque, NM, for Amicus Curiae Protection & Advocacy Systems, Inc.

*OPINION*

FRY, Judge.

{1} The opinion filed on January 31, 2003, is withdrawn and the following is substituted therefor. The motion for rehearing is granted.

{2} In this case we address the course of action a trial court may take when the court finds a child is incompetent to stand trial and that the child in all likelihood cannot be treated to competency. Specifically, we discuss the alleged discrepancy between Children's Court Rule 10–221(D) NMRA 2003, which appears to mandate a stay when a child is found to be incompetent, and NMSA 1978, Section 32A–2–21(G) (1995), which appears to permit dismissal without prejudice under the same circumstances. We hold that in a case such as this, where the evidence persuades the court that the child cannot likely be treated to competency, the court may, in the sound exercise of its discretion, dismiss a delinquency petition without prejudice. We therefore affirm the trial court's order of dismissal.

**BACKGROUND**

{3} The State filed a delinquency petition against Child, Daniel H., age sixteen, for criminal sexual contact with a minor, a two-year old girl. *See* NMSA 1978, § 30–9–13(A)(1) (2001). At the first hearing, defense counsel raised the issue of whether Child, described as having traumatic brain injury, was competent to stand trial. The trial court granted counsel's request for a competency evaluation and issued an interim order imposing as a condition of release Child's strict supervision with no unsupervised contact with children.

{4} At the competency hearing, defense counsel presented a report containing Child's sixteen neuropsychological tests and a separate psychological evaluation. In the report, two doctors found that Child's brain injury caused serious mental deficiencies that render him permanently incompetent to stand trial. The State stipulated to the report insofar as it indicated Child's present incompetence. However, the State pointed out that the critical issue was the appropriate disposition for incompetent children. The State argued that according to New Mexico case law, a procedural rule promulgated by the Supreme Court will prevail over conflicting procedural legislation. *See State v. Doe,* 97 N.M. 189, 190, 637 P.2d 1244, 1245 (Ct. App.1981) (stating that procedural rule controls over statutory provision prescribing a conflicting procedure). Therefore, the State argued, the court must apply the controlling rule, Rule 10–221(D), which mandates a stay of the proceedings, instead of the apparently conflicting procedural legislation, Section 32A–2–21, which allows the court discretion to dismiss the delinquency petition without prejudice. Further, the State urged the court to take additional action under the rule—to initiate treatment to competency, to impose conditions on Child's release, and to hold hearings every three to six months to evaluate whether Child is receiving necessary help or to discover "anything regarding the allegations" against him. In addition, if the court-ordered treatment to competency failed to serve a useful purpose, then the State argued to the trial court that only the prosecutor would have the discretion to dismiss the petition.

{5} Defense counsel argued that Child will never become competent to assist in his own defense and that Child is too vulnerable to suggestion for the treatment-to-competency program. Defense counsel further contended that under *State v. Rotherham,* 1996–NMSC–048, 122 N.M. 246, 923 P.2d 1131, the court must dismiss if a defendant is found incompetent to stand trial.

{6} The court expressed concern over the prosecution's suggestion that it could order treatment to address the underlying issues of the case. Nevertheless, the court initially stayed the petition "until the respondent becomes competent to participate in the proceedings," and further found that "it is very unlikely that this child will ever become competent." The court then scheduled a status conference to address recommendations for Child's conditions of release and renewed the interim order prohibiting Child's unsupervised contact with younger children.

{7} Shortly before the status conference, Child filed a motion to dismiss and a memorandum in support. Over objections from

the State, the trial court heard oral argument on the motion in lieu of holding the status conference. The court allowed the State to file a response to the motion to dismiss and allowed Child a written reply. After considering the parties' arguments, the court entered a written finding that Child "was not competent to stand trial and that he is not likely to become competent to stand trial in the foreseeable future." Based on this finding and pursuant to Section 32A–2–21(G), the court entered an order of dismissal without prejudice and recommended that, if treatment were desired, proceedings be initiated under the Children's Mental Health and Developmental Disabilities Act, NMSA 1978, §§ 32A–6–1 to –22 (1995, as amended through 1999).

**DISCUSSION**

■ {8} The court's dismissal involves the application and interpretation of a statute and a rule, which are questions of law reviewed de novo on appeal. *State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

{9} The State claims that the trial court erred when it dismissed the petition pursuant to Section 32A–2–21(G), which states:

> If the court determines that a child is incompetent to stand trial or participate in his own defense, the court *may dismiss* the petition without prejudice and initiate proceedings pursuant to the provisions of the Children's Mental Health and Developmental Disabilities Act.

(Emphasis added.) The State argues that the court should have stayed the proceedings under the Supreme Court rule, which provides:

> If a respondent child is found incompetent to stand trial:
>
> (1) further proceedings on the petition *shall be stayed* until the respondent becomes competent to participate in the proceedings;
>
> (2) where appropriate, the children's court judge may order treatment to enable the respondent to attain competency to stand trial; and
>
> (3) the children's court judge may review and amend the conditions of release

pursuant to Rules 10–209 and 10–211 of these rules.

Rule 10–221(D) (emphasis added).

■ {10} The underlying premise for the State's argument is that both the statute and the judicially enacted rule are rules of procedure that are in conflict. *Doe,* 97 N.M. at 190, 637 P.2d at 1245 (interpreting the same language at issue in this case under previous versions of the laws to hold that "[t]he rule providing for a stay of the delinquency petition controls over the statutory provision for dismissal without prejudice"). When a Supreme Court rule and a legislative statute provide for conflicting procedure, the judicial rule controls. *Ammerman v. Hubbard Broad., Inc.,* 89 N.M. 307, 311–12, 551 P.2d 1354, 1358 (1976); *see also State v. Doe,* 93 N.M. 621, 624, 603 P.2d 731, 734 (Ct.App. 1979) ("The Rules are intended to govern all procedures ... in the children's courts of New Mexico in all matters involving children alleged to be delinquent, in need of supervision or neglected, as defined in the Children's Code."). Therefore, the State argues, pursuant to the controlling procedural rule, Rule 10–221(D), once the trial court determined that Child was incompetent to stand trial, it had no choice but to stay the delinquency petition and to consider whether to order treatment to competency and whether to impose conditions of release.

{11} Child argues that the rule's applicability depends on the trial court's factual findings regarding the likelihood that a child may be treated to competency. In support of this argument, Child cites to the language of the rule restricting its application to "where [it is] appropriate," which contemplates a factual determination. Child maintains that where all experts agree that he cannot be treated to competency, it is not "appropriate" to stay the proceedings in order to attempt to treat him to competency or to condition his release during treatment. Therefore, Child asserts, the language in the rule mandating a stay "until the respondent becomes competent" renders the rule inapplicable when a child cannot become competent. Accordingly, once a court determines that a child is unlikely to become competent, then

the statute applies and allows the court discretion to dismiss the petition.

{12} At first blush, Child's attempt to harmonize the rule and the statute seems persuasive for three reasons. First, the rule and statute applicable to incompetent adults are applied in this manner. *See* NMSA 1978, § 31–9–1.2(A) (1999); Rule 5–602(B)(3)(a)–(c) NMRA 2003. Governed by the same language, the district courts seem to follow the procedure advocated by Child. *See, e.g., State v. Garcia,* 2000–NMCA–014, ¶¶ 17–18, 128 N.M. 721, 998 P.2d 186 (affirming trial court's dismissal of the case under the statute applicable to adults after staying the proceedings under the rule, because the court found defendant incompetent to stand trial). Second, the rules of construction indicate a strong preference for harmonizing the rule and the statute. *See State ex rel. Quintana v. Schnedar,* 115 N.M. 573, 575, 855 P.2d 562, 564 (1993) (instructing courts to presume that "the legislature did not intend to enact a law inconsistent with existing law" and to disfavor "judicial repeal of legislation by implication"). Third, Child's interpretation is logical and avoids absurd results. *See State v. Mendoza,* 108 N.M. 446, 452, 774 P.2d 440, 446 (1989) ("Where the rule is unambiguous, we interpret it literally and give effect to the plain meaning of the rule . . . unless to do so leads to an absurd or unjust result."). *See also State v. Ware,* 115 N.M. 339, 342, 850 P.2d 1042, 1045 (Ct.App. 1993) (recognizing that to avoid absurd results, the Court has a "duty to interpret the Rules of Criminal Procedure with logic and *common sense*").

{13} In contrast, we are not persuaded by the State's argument that the trial court lacks authority under Section 32A–2–21(G) to rid Child of criminal charges and determine the status of the case. In effect, the State interprets Rule 10–221(D) to allow only the prosecutor the discretion and authority to terminate the court's jurisdiction over children who are merely accused of committing offenses and who the court has determined will not be tried for the allegations due to incompetency. This proposed construction leads to an absurd result insofar as it supposes that the Supreme Court rule would divest the trial court of the power to determine the status of a case. *Cf. State v. Isaac M.,* 2001–NMCA–088, ¶ 15, 131 N.M. 235, 34 P.3d 624 (noting that prosecutorial discretion is curtailed by concerns of fundamental fairness).

{14} In its motion for rehearing, the State contends that we have misunderstood its argument. It claims that the trial court has no authority to dismiss *pursuant to Section 32A–2–21(G),* but it may have authority to dismiss under other legal theories, such as pursuant to Child's motion to dismiss on due process grounds. We disagree. Even if Child filed such a motion, the trial court's authority or absence of authority to dismiss resides in Section 32A–2–21(G). Such a motion by Child would necessarily be preceded by a finding of incompetency, which finding then triggers Rule 10–221(D) and/or Section 32A–2–21(G). If, as the State contends, the rule prevails over the statute, then the trial court cannot dismiss, even if Child files a motion claiming violation of due process. The rule does not say, and the State did not argue in its appellate briefs, that a court may dismiss a petition *after* it has first stayed the proceedings pursuant to Rule 10–221(B). Rather, according to the argument the State made before it filed its motion for rehearing, the court *must* stay and *cannot* dismiss.

{15} The State's interpretation would eliminate Section 32A–1–21(G) completely. Presuming that the procedural instructions of the statute and rule contemplate the same factual finding of incompetence, the State argues that the conflict between the two is always presented. Therefore, the State's proposal would render the statute unconstitutional in all cases. *See* N.M. Const. art. VI, § 3 (vesting exclusive superintending control in the Supreme Court over all inferior courts); NMSA 1978, § 38–1–1 (1966) (codifying the Court's power to prescribe rules of practice and procedure). This is contrary to the "enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so," and then they will presume the constitutionality of a statute. *Schlieter v. Carlos,* 108 N.M. 507, 510, 775 P.2d 709, 712 (1989).

{16} However, the State is correct that the statute and the rule will conflict in a case,

unlike the present one, where it is likely that or unclear whether a child could be treated to competency to stand trial. In that event, it becomes difficult to harmonize the rule's instruction that further proceedings *shall* be stayed until the respondent becomes competent with the discretion to dismiss without prejudice that is conferred by the statute. In addition, if a child is treatable, then staying the proceedings and ordering treatment to competency are no longer absurd or unjust options.

{17} At the root of this conflict is the established notion that the separation of powers doctrine precludes the legislature from stepping into the judiciary's exclusive domain of prescribing the rules of judicial practice and procedure and similarly precludes the judiciary from overturning or contradicting a constitutional legislative declaration of substantive law. *See Ammerman,* 89 N.M. at 311, 551 P.2d at 1358 (stating "the legislature lacks the power to prescribe by statute rules of practice and procedure") (internal quotation marks and citation omitted); *Southwest Cmty. Health Servs. v. Smith,* 107 N.M. 196, 199, 755 P.2d 40, 43 (1988) (explaining that Supreme Court "should not invalidate substantive policy choices made by the legislature"). Consequently, we must determine whether the rule impermissibly usurps the legislature's power or whether the statute attempts to interfere with the judiciary's exclusive rights.

{18} The distinction between a procedural and a substantive provision is frequently difficult to draw. Cases often discuss substantive law in terms of creating, defining, and regulating rights, duties, and obligations. *See State v. House,* 1996 NMCA 052, ¶ 6, 121 N.M. 784, 918 P.2d 370; *Gray v. Armijo,* 70 N.M. 245, 248, 372 P.2d 821, 823 (1962). For example, the constitutional right to an impartial tribunal illustrates a right derived from substantive law. *State ex rel. Gesswein v. Galvan,* 100 N.M. 769, 770, 676 P.2d 1334, 1335 (1984). Courts describe procedural provisions, in contrast, as "mechanisms designed to accomplish a just determination of rights and duties granted by substantive law." *State v. Garcia,* 101 N.M. 232, 235, 680 P.2d 613, 616 (Ct.App.1984). Procedural provisions do not "abridge, enlarge or modify the substantive rights of any litigant." Section 38–1–1(A); *Johnson v. Terry,* 48 N.M. 253, 256, 149 P.2d 795, 796 (1944). Thus, for example, while the legislature may create a time limit for the filing of an action under the Tort Claims Act, computation of time falls into the category of procedure. *Dutton v. McKinley County Bd. of Comm'rs,* 113 N.M. 51, 54–55, 822 P.2d 1134, 1137–38 (Ct.App. 1991).

{19} Relying on *Doe,* the State argues that the statute and rule provide conflicting procedural means to protect the substantive right not to be tried while incompetent. Although *Doe* analyzed similar language from earlier versions of the rule and statute, that case presented a crucial factual difference: the child was already committed. Thus, this Court ruled that once a child is involuntarily committed pursuant to the rule requiring stay pending treatment to competency, the statutory provision is a procedural matter in conflict with the rule. *Doe,* 97 N.M. at 190, 637 P.2d at 1245. In this case, because the trial court found Child not likely to become competent, the court's statutory authority to dismiss is far more than procedure; it defines substantive rights.

{20} In the context of the court's factual finding that Child is likely incapable of being treated to competency, we deem the statute to be a substantive enactment. While both the rule and the statute are mechanisms protecting the right of incompetent children not to stand trial, only the statute responds to the rights of children to be free of the court's jurisdiction when they are untreatable. In other words, the statutory provision enlarges the right not to be tried while incompetent and recognizes that treatment to competency cannot continue indefinitely for children. *See Rotherham,* 122 N.M. at 252–53, 923 P.2d at 1137–38 ("indefinite commitment of a person, for reasons based solely on his incompetence to stand trial, violates the Fourteenth Amendment guarantee of due process and equal protection.") (citing *Jackson v. Indiana,* 406 U.S. 715, 731, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)); *see also Chavez v. Am. Life & Cas. Ins. Co.,* 117 N.M. 393, 396, 872 P.2d 366, 369 (1994) (stating that the

legislature is presumed to know the law when passing statutes). By conferring discretion on the trial court to dismiss, the statute recognizes that this substantive right requires more protection than the rule affords. New Mexico courts have recognized this right for adults, *Rotherham,* 122 N.M. at 264, 923 P.2d at 1149, and have acknowledged that the legislature, in conferring judicial discretion via the Children's Code, contemplates that the trial court may afford greater constitutional protection to children than another court would to adults. *See, e.g., In re Francesca L.,* 2000–NMCA–019, ¶¶ 7, 8,12, 128 N.M. 673, 997 P.2d 147 (toughening the presumption against the voluntariness of statements made by children to the police).

{21} Against this backdrop, it makes sense that the legislature would make the policy determination that the trial court may dismiss a delinquency petition when doing so would protect a child's substantive right to be free from a criminal process that has no foreseeable culmination by way of adjudication or disposition. In contrast, the rule prescribes a stay in order for courts to determine whether children can be treated to competency. *Cf. Lovelace Med. Ctr. v. Mendez,* 111 N.M. 336, 340–41, 805 P.2d 603, 607–08 (1991) (characterizing procedural rules as particularly those that relate to court management of their cases or housekeeping functions). Therefore, the statute is directed at children's substantive rights, whereas the rule is directed at the procedure for determining where the child stands on the continuum of treatment options.

{22} Despite the rule's mandatory language, we think it is unlikely that the Supreme Court in enacting the rule envisioned the result advocated by the State below: that the trial court, having found a child to be untreatable, would have no choice but to stay the proceedings indefinitely until the State dismisses. It is more likely that the Court merely prescribed the procedure for the trial court to follow when it initially finds a child incompetent. This is evidenced by the rule's instructions to stay the proceedings and order treatment to competency "where appropriate." Rule 10–221(D)(1) and (2). The appropriateness of treatment is left to the

trial court's discretion. The rule properly allows the legislature to address the fate of a child who will never become competent to stand trial. The legislature determined that the court may dismiss without prejudice, where appropriate. Similarly, the New Mexico Supreme Court construed the sister statute for adults and made it clear that the adult code provides the trial court with detailed instructions, but also with great discretion as to the ultimate disposition of the case, depending on the defendant's amenability to treatment. *See Rotherham,* 122 N.M. at 253, 923 P.2d at 1138.

{23} We emphasize that a trial court is not required to dismiss a petition in every case where the child is found incompetent to stand trial and not amenable to treatment. The trial court has the discretion to proceed consistent with Rule 10–221(D), stay the proceedings on the petition, and order conditions of release or treatment. We hold only that dismissal without prejudice is an additional option for the trial court under such circumstances, and that the trial court in the present case did not abuse its discretion in dismissing the petition.

{24} Further, if the rule were to stand alone, as the State suggests it should, then it would abridge the substantive right not to be treated indefinitely, which is recognized by the United States and New Mexico Supreme Courts, and it would cease to be merely procedural. Insofar as the rule appears to mandate a stay in all cases, even in those cases where a child is not amenable to treatment, the rule impermissibly thwarts the legislature's substantive determination that such children cannot indefinitely be made subject to the criminal process. *See Benavidez v. Sierra Blanca Motors,* 1996–NMSC–045, 122 N.M. 209, 214, 922 P.2d 1205, 1210 ("it is the particular domain of the legislature, as the voice of the people, to make public policy") (internal quotations marks and citation omitted).

{25} We are mindful that, even where a child is deemed treatable, there may be situations raising serious concerns about the constitutionality of the duration of treatment ordered by the trial court. However, those concerns are not present in this case because

the court did not order treatment. *See Johnson v. Lally,* 118 N.M. 795, 799, 887 P.2d 1262, 1266 (Ct.App.1994) (refusing to grant declaratory relief where it would not address the party's injury, but would "answer a hypothetical question of constitutional law") (internal quotation marks and citation omitted); *cf. Schlieter,* 108 N.M. at 510, 775 P.2d at 712 ("[i]t is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so," and then they will presume the constitutionality of a statute).

{26} We also acknowledge the implicit tension between the public's right to be protected from dangerous juveniles and an incompetent child's right to be free from indefinite subjugation to the criminal process. *See* NMSA 1978, § 32A-2-2(A) (1993) (stating that purpose of Delinquency Act is "consistent with the protection of the public interest, to remove from children ... the adult consequences of criminal behavior, but to still hold children ... accountable for their actions"). As the State points out, if a court may dismiss a delinquency petition pursuant to Section 32A-2-21(G), it can no longer impose conditions of release. However, in our view, the statute provides a safeguard in situations where a child may pose a danger to others. The statute permits the institution of proceedings "pursuant to the provisions of the Children's Mental Health and Developmental Disabilities Act," which provides for the voluntary or involuntary civil commitment of children. *See* NMSA 1978, § 32A-6-12 (1999) and NMSA 1978, § 32A-6-13 (1995). Consequently, if the State fears that Child may harm others as he allegedly harmed the victim in the present case, it may institute civil commitment proceedings and may even seek immediate emergency admission of Child to residential treatment pursuant to Section 32A-6-13(L). Additionally, dismissal under Section 32A-2-21(G) is without prejudice. Thus, if it happens that Child becomes competent subsequent to the trial court's finding that competency is unlikely, the State is free to reinstate charges.

## CONCLUSION

{27} For the foregoing reasons, we affirm the trial court's dismissal of the delinquency petition without prejudice.

{28} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and RODERICK T. KENNEDY, Judges.