# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: October 28, 2016

**NO. 34,451**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL NAEGLE a/k/a
MICHAEL NAEGELE,**

Defendant,

and

**MICKEY'S BAIL BONDS and
SHERRON LITTLE,**

Sureties-Appellants,

and

**UNIVERSAL FIRE and
CASUALTY COMPANY,**

Surety.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Templeman & Crutchfield, PC
C. Barry Crutchfield
Lovington, NM

for Appellants

**OPINION**

{1} We write to clarify various issues regarding the remittitur of a bail bond that has been forfeited pursuant to NMSA 1978, Section 31-3-2 (1993). When a bail bond has been filed in the magistrate court to secure the release of a defendant in a criminal case and the bond has not been transferred to the district court, all proceedings regarding the forfeiture of the bond must occur in the magistrate court. In addition, any subsequent proceedings to remit a previous forfeiture of the bond must be addressed in the same court where the forfeiture occurred—in this case, the magistrate court. Appeals to the district court regarding the bond forfeiture proceedings that occurred in the magistrate court are only addressed by the district court in its appellate capacity. Appellants' attempt to have this Court order a remittitur of the bail bond previously forfeited by the magistrate court was premature. The district court properly addressed the original bail bond forfeiture in an appellate capacity. We affirm the district court's determination that the bail bond forfeiture complied with Section 31-3-2 and further bond proceedings were properly remanded to the magistrate court.

**I.     Background and Procedural History**

{2} This case arose from a default judgment on a bail bond entered by the magistrate court of Lea County on May 16, 2013, in case number M-26-IR-2012-

00016. The bond was posted by Mickey's Bail Bonds through its agent, Sherron Little (Appellants), to secure the pretrial release of Michael Naegle, a/k/a Michael Naegele (Defendant). Defendant was charged with the felony offense of driving while under the influence of intoxicating liquor pursuant to NMSA 1978, Section 66-8-102 (2010), and driving without a valid driver's license pursuant to NMSA 1978, Section 66-5-2 (2007). On September 19, 2012, the magistrate court entered an order admitting Defendant to bail in the amount of $5,000 subject to certain conditions, and Defendant was released on bail. Appellants, as surety, posted the $5,000 bail bond to obtain Defendant's release. Defendant failed to appear at a preliminary hearing on October 17, 2012, and the magistrate court issued a bench warrant for Defendant's arrest that included the language: "THIS WARRANT MAY BE EXECUTED ANYWHERE IN THIS STATE." The magistrate court further gave notice of a hearing on November 19, 2012, to forfeit the bail bond and enter judgment against Defendant and Appellants "unless they showed [good] cause why judgment should not be entered against them." The magistrate court later issued a continuance, signed by Appellant Little, and the hearing was rescheduled. On May 10, 2013, the magistrate court again rescheduled the hearing and issued a third notice of intent to hold a hearing to forfeit the bail bond unless Defendant and Appellants "showed [good] cause why judgment should not be entered against them." At the forfeiture

2

hearing on May 16, 2013, neither Defendant nor Appellants appeared and the magistrate court entered an order forfeiting the bond and granting judgment against Appellants for the full amount of the bail bond. Appellants appealed this order to the district court.

{3} No activity occurred for over a year. On October 8, 2014, after a dismissal without prejudice for lack of prosecution, the district court ordered the reinstatement of the appeal and issued a new bench warrant for Defendant's arrest. Appellants then secured Defendant from Arkansas and returned him to New Mexico where he was taken into custody on December 3, 2014.

{4} At the district court hearing held on January 16, 2015, Appellant Little testified that Defendant fled to Arkansas after his initial bond hearing but Appellants had been unable to extradite him because the bench warrant issued by the magistrate court was not executable beyond the territorial limits of New Mexico. Appellant Little further stated that she believed the bench warrant issued by the magistrate court was only for "in state" but because it was for a felony, she had requested and received a "good" bench warrant from the district court. Appellant Little recounted that after receiving the bench warrant from the district court, she drove to Arkansas, and notified the local authorities of her intention to extradite Defendant and they said, "call if you have any problems." Appellant Little took Defendant into her custody and brought him back

to New Mexico. Appellants then argued to the district court that the bond was not subject to forfeiture under New Mexico law.

{5}     After undertaking a review of the relevant Arkansas law, the district court found that it was unnecessary for Appellants to have secured a new district court bench warrant in order to lawfully apprehend Defendant in Arkansas. As such, the district court determined that the state of Arkansas did not thwart the efforts of Appellant Little to apprehend Defendant. *See State v. Amador*, 1982-NMSC-083, ¶ 14, 98 N.M. 270, 648 P.2d 309. Additionally, although the district court found that Appellant Little was instrumental in securing Defendant's return to New Mexico, the district court concluded that Appellants had failed, under Rule 8-406(D) NMRA, to show an impediment to Defendant's appearance or that Defendant was taken into custody prior to the entry of the magistrate court judgment. *See id.* ("The court may direct that a forfeiture be set aside . . . upon a showing of good cause why the defendant did not appear as required by the bond or if the defendant is surrendered by the surety into custody prior to the entry of a judgment of default on the bond.") Therefore, the district court determined that Appellants "failed to sustain their burden on appeal." The district court affirmed the decision of the magistrate court and remanded the case for enforcement of the magistrate's previous orders and judgments. It is from this ruling that Appellants filed a timely appeal to this Court.

## II. DISCUSSION

{6}    Appellants argue that the district court abused its discretion in affirming the bond forfeiture entered by the magistrate court. Appellants raise two issues on appeal challenging the district court's ruling, arguing that: (1) the forfeiture was unreasonable as it was in direct conflict with the logic and effects of the facts, and as such, was contrary to reason and common sense; and (2) the forfeiture was contrary to provisions of Section 31-3-2(F) that governs the remittitur of a forfeited bond. The State argues that Appellants failed to preserve any issue regarding Section 31-3-2(F) in the district court and notwithstanding such a failure of preservation, that Section 31-3-2(F) is an unconstitutional violation of the separation of powers because it is an unreasonable infringement on the judiciary. We hold that the district court did not err in affirming the forfeiture of the bond by the magistrate court under Section 31-3-2. We further conclude that the question of Appellants' entitlement to remittitur under Section 31-3-2(F) was not ripe for determination in the district court. As a result, we decline to address the State's additional constitutional argument.

**Standard of Review**

{7}    Section 31-3-2 controls the substantive rights and procedural process for the forfeiture and remittitur of bail bonds. Section 31-3-2(B)(2), states that "[w]henever a person fails to appear at the time and place fixed by the terms of his bail bond, the

court . . . may declare a forfeiture of the bail." Furthermore, the court "may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Section 31-3-2 (C). On appeal, the district court will review any pretrial or preliminary rulings previously made by lower courts on a de novo basis. *See* N.M. Const. art. VI, § 27; *City of Farmington v. Pinon-Garcia*, 2012-NMCA-079, ¶ 13, 284 P.3d 1086. To the extent that the issue before the district court called for an interpretation of statutory law, we review the issue de novo. *State v. Pacheco,* 2008-NMCA-055, ¶ 15, 143 N.M. 851, 182 P.3d 834. Insofar as the statutory provisions themselves required the magistrate court to exercise discretion in determining whether to order the forfeiture of a bond we review the ruling for an abuse of discretion. *See id.* ¶ 25. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**No Error by the Magistrate Court**

{8}      As noted above, forfeiture and remittance of bail bonds is governed by Section 31-3-2. When a defendant fails to appear, the court may declare a forfeiture of the bail

bond. *See* § 31-3-2(B)(2). "If the court declares a forfeiture, it shall . . . declare such forfeiture at the time of nonappearance[,] give written notice thereof to the surety within four working days of declaration[,] and issue a bench warrant for the person's arrest." *Id.* A court has discretion to set aside the forfeiture if justice so requires, but if the forfeiture is declared, the court may enter a default judgment against the surety. Section 31-3-2 (C), (D). The procedure to enter a default judgment under the statute reads:

> Notice of the motion to enter a judgment of default may be served pursuant to the rules of criminal procedure or may be served on the clerk of the court, who shall forthwith mail copies to the obligors at their last known address. The notice shall require the sureties to appear . . . and show cause why judgment shall not be entered against them for the amount of the bail bond or recognizance. *If good cause is not shown*, the court may then enter judgment against the obligors on the recognizance, for such sum as it sees fit, not exceeding the penalty fixed by the bail bond or recognizance.

Section 31-3-2(E) (emphasis added). Our Supreme Court has recognized that the purpose of bail is to "secure the attendance of the defendant at his trial." *Amador,* 1982-NMSC-083, ¶ 13 (internal quotation marks and citation omitted). A "bondsman . . . aids in the administration of justice when he acts in his financial interest by producing the defendant." *Id.* ¶ 14. Furthermore, the strict enforcement of the forfeiture statute discourages a bondsman from giving bail. *Id.* However, good cause

7

for a defendant's absence must be shown by a bondsman to avoid forfeiture. *See* § 31-3-2(E).[1]

{9}    Our Supreme Court determined that good cause for setting aside a forfeiture is established when a bondsman is obstructed by another sovereign in securing the defendant. *Amador*, 1982-NMSC-083, ¶ 2 (recognizing that the defendant failed to appear at his trial date because he was incarcerated in Texas on a separate charge). In *Amador,* the bondsman first learned of the defendant's failure to appear when he was served with a notice to show good cause. *Id.* The bondsman located the defendant "promptly." *Id.* ¶ 15. At the hearing to show good cause, the bondsman asserted that he had filed a detainer with the proper Texas authorities and offered to reimburse the district court for any expenses as a result of the defendant's extradition and transportation. *Id.* ¶ 2. After the district court refused to set aside the forfeiture, our Supreme Court held that it is "unjust to enrich the state treasury when a bondsman has been diligent in his efforts to apprehend and bring back for trial a defendant but has been thwarted by the actions of another sovereign jurisdiction." *Id.* ¶ 14. Because the bondsman "did all he could to secure the defendant's presence and insure the state against its monetary loss[,]" it was an abuse of discretion to order the total forfeiture

---

[1]Section 31-3-2 corresponds with Rule 5-406 NMRA that was relied upon by the district court.

8

of the bond. *Id.* ¶¶ 15-16.

{10} Unlike the bondsman in *Amador*, Appellants did not take any action in Arkansas prior to the forfeiture hearing in the magistrate court and did not appear at the forfeiture hearing to show "good cause." *See id.* ¶ 12. After Defendant failed to appear at the preliminary hearing on October 17, 2012, the magistrate court scheduled several hearings to forfeit the bond and enter judgment against both Defendant and Appellants, unless they showed good cause why judgment should not be entered against them. After more than six months of delays, both Defendant and Appellants failed to appear at the magistrate court hearing held on May 16, 2013—their opportunity to show good cause why the bond should not be forfeited. Pursuant to Section 31-3-2(E), the magistrate ordered the forfeiture of the bond and entered a default judgment against Appellants. Under these circumstances, the magistrate court did not err and properly forfeited the bail bond and required payment from Appellants.

{11} Appellants argue that the district court's decision to affirm the magistrate court's ruling was against all logic and the effect of the facts. Appellants rely on *Amador* as support for their argument. Appellants' argument is misplaced. Despite presenting testimony in the district court that Appellant Little was unable to extradite Defendant from Arkansas with the bench warrant issued by the magistrate court, no

9

testimony was provided explaining why Defendant failed to appear at the hearing on May 16, 2013, or otherwise show good cause and avoid the bond forfeiture in the magistrate court. Furthermore, the district court did not find Appellants' "extradition" testimony to be credible or an accurate presentation of Arkansas law. After reviewing the pertinent statutory provision, the district court found that it was unnecessary for Appellants to secure another bench warrant to lawfully apprehend Defendant in Arkansas. *See* Ark. Code Ann. § 16-84-114(b), (c) (2001) (stating generally that: (1) for the purpose of surrendering a defendant, a surety may arrest the defendant at any place in the state; (2) a surety must fall under a strict list of persons "*unless that person is licensed as a bail bond agent by the state where the bail bond was written*[;]" and (3) a surety may arrest a defendant without a certified copy of the bench warrant) (emphasis added). The district court's consideration of Appellants' new argument was not factually or legally erroneous. *See Pacheco*, 2008-NMCA-055, ¶ 31 (recognizing that the district court's judgment was "neither against the logic and effect of the facts and circumstances, nor was it contrary to the reasonable, probable, and actual deductions drawn from the facts and circumstances in [the] case"(alterations, internal quotation marks, and citation omitted)).

{12}	Appellant renewed this same argument in the appeal to this Court. Unlike *Amador,* where the defendant was being held on new charges in another state, there

was inadequate evidence presented to support Appellants' position that Arkansas was holding Defendant in custody or otherwise thwarted the efforts of Appellants to apprehend Defendant. *See* 1982-NMSC-083, ¶¶ 14-16. More importantly, none of this evidence was presented to the magistrate court before it entered a judgment forfeiting the bail bond on May 16, 2013. Therefore, the bail bond posted in the magistrate court was properly forfeited under Section 31-3-2.

**Remittance of Forfeited Bond under Section 31-3-2(F)**

{13} Appellants also argue that they are entitled to a remittitur of the forfeited bond under Section 31-3-2(F). However, Appellants never applied to the magistrate court for a remittitur of the forfeited bond under Section 31-3-2(F) and only raised this issue for the first time on appeal to this Court. Because Appellants failed to preserve this argument for review, the magistrate court remains the correct tribunal to address new evidence and determine whether a remittitur of Appellants' bond is proper. *See State v. Brooks*, 1994-NMSC-062, ¶ 10, 117 N.M. 751, 877 P.2d 557 (noting that issues raised for the first time on appeal will not be heard due to a failure to preserve the claim of error, especially where the claim is an issue of fact that must be decided at the trial level).

{14} The language of the bond remittitur statute reads:

> When a judgment has been rendered against the defendant or surety for the whole or part of the penalty of a forfeited recognizance, *the court*

> *rendering such judgment* shall remit the amount thereof when, after such rendition, the accused has been arrested and surrendered to the proper court to be tried on such charge or to answer the judgment of the court, provided that the apprehension of the accused in some way was aided by the surety's efforts or by information supplied by the surety.

Section 31-3-2(F) (emphasis added). When interpreting a statute, this Court must look "at the plain meaning of the language of the statute to effectuate the intent of the [L]egislature." *Pacheco,* 2008-NMCA-055, ¶ 15. "According to the plain meaning rule, when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Id.* (alteration, internal quotation marks, and citation omitted). It is clear from the unambiguous language of Section 31-3-2(F) that the Legislature intended the court that rendered a forfeiture to have continuing jurisdiction relative to the question of remittitur. *See State v. Ramirez,* 1981-NMSC-125, ¶ 5, 97 N.M. 125, 637 P.2d 556 (holding that Section 31-3-2(E), the predecessor to Section 31-3-2(F), is an exception to the " 'continuing jurisdiction' rule" that otherwise limits the authority of the magistrate courts to retain control over civil judgments that it has entered). In *Ramirez*, our Supreme Court made it clear that "[s]ince magistrate courts are given authority to set bail[] and to enter a judgment forfeiting the bail bond, it logically follows that the magistrate court must hear a motion to remit or reduce the amount of the forfeiture judgment." 1981-NMSC-125, ¶ 7 (citations omitted). It is undisputed

12

that a motion or hearing on the remittitur of Appellant's bond was never held in the magistrate court. As a result, any issue regarding the possible remittitur of Appellants' bond must be remanded to the magistrate court for proper consideration. *Id.*

{15}     With regard to the forfeiture and remittitur of a bail bond, the State has pointed out that there may be some conflict or confusion between Section 31-3-2 and Rule 5-406.[2] We take this opportunity to clarify and hold that no material conflict exists. Rule 5-406 exclusively addresses the initial question of forfeiture and subsections B through E of Section 31-3-2 are wholly compatible with the language in Rule 5-406. Subsection F of Section 31-3-2 only addresses the issue of remittitur, an issue that is not addressed in Rule 5-406 and, as such, no conflict exists regarding remittitur under Section 31-3-2(F).

**The State's Constitutional Argument**

{16}     Finally, the State argues that Section 31-3-2(F) is an unconstitutional violation of the separation of powers and is an unreasonable infringement of judicial authority. However, this argument is premature. The magistrate court has not yet had the opportunity to consider a remittitur of Appellants' forfeited bond. We decline to

[2]Rule 5-406 is substantively identical to Rule 6-406 NMRA for the magistrate court , Rule 7-406 NMRA for the metro court and Rule 8-406 for the municipal court. This opinion addresses all four versions of the same rule.

address the State's argument at this time. *See Schleiter v. Carlos*, 1989-NMSC-037, ¶ 13, 108 N.M. 507, 775 P.2d 709 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so. We have repeatedly declined to decide constitutional questions unless necessary to the disposition of the case.").

**CONCLUSION**

{17}     In this case, the district court affirmed the forfeiture of Appellants' bond by the magistrate court and remanded to the magistrate court for further proceedings consistent with its order. Although the district court's mandate may appear narrow, it does not preclude Appellants from seeking a remittitur from the magistrate court. On remand, Appellants must make a proper motion and factual showing under Section 31-2-3(F). We leave these factual questions for the proper tribunal. For the reasons set forth herein, we affirm the district court's order and remand this matter to the magistrate court for any further proceedings.

{18}     **IT IS SO ORDERED.**

                                      _____

                                      **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**STEPHEN G. FRENCH, Judge**